UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW CORK

| | |
|---|---|
| In re:<br><br>NORTHWEST AIRLINES CORPORATION, <u>et al.</u>,<br><br>                               Debtors. | Chapter 11 Case No. 05-17930 (ALG)<br><br>Jointly Administered |
| NORTHWEST AIRLINES, INC.,<br><br>                               Plaintiff,<br><br>              -against-<br><br>AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,<br><br>                             Defendant. | Adversary Proceeding No.<br><br>**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** |

Upon the complaint of plaintiff Northwest Airlines, Inc. ("Northwest Airlines" or "Plaintiff"),[1] the accompanying affidavits of Jason M. Halper (the "Halper Affidavit") and Neal S. Cohen, together with the exhibits annexed to the Halper Affidavit, the accompanying supplemental affidavit of Jason M. Halper (the "Supplemental Halper Affidavit"), and Plaintiff's Memorandum of Law in Support of Motion for an Order Enforcing the Automatic Stay and for a Temporary Restraining Order and Preliminary Injunction, and good cause appearing therefor, it is

ORDERED, that defendant American Express Travel Related Services Company, Inc. ("Defendant" or "AMEX"), or its attorneys, show cause before a motion term of this Court,

---

[1] In addition to Plaintiff, the Debtors in the cases giving rise to this adversary proceeding are Northwest Airlines Corporation, NWA Fuel Services Corporation, Northwest Airlines Holdings Corporation, NWA Inc., Northwest Aerospace Training Corp., Northwest Airlines Cargo, Inc., MLT Inc., NWA Retail Sales Inc., Montana Enterprises, Inc., NWA Real Estate Holding Company LLC, NW Red Baron LLC, and NWA Worldclub, Inc. Debtors are referred to collectively as "Northwest."

at Room **617**, Alexander Hamilton Custom House, One Bowling Green, New York, New York

on **October 3, 2005 at 2:30 p.m.** in the afternoon, or as soon thereafter as counsel may be

heard, why an order should not issue pursuant to 11 U.S.C. §§ 105, 362, 365, 541 and 542 and

Rules 7001, 7003 and 7065 of the Federal Rules of Bankruptcy Procedure restraining and

enjoining Defendant during the pendency of this action from withdrawing from, modifying,

conditioning, suspending, terminating or interfering with, or discriminating against or declaring

the default of Plaintiff under the "Amended and Restated Airline Card Services Agreement"

between Northwest Airlines and AMEX (the "Agreement") based upon the commencement of a

case under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy

Code"), Plaintiff's financial condition, or Section 22 of the Agreement, and specifically from:

(i) modifying or withholding performance under the Agreement or exercising possession or

control over monies due and owing to Plaintiff in order to create a reserve (the "Reserve")

pursuant to Section 22 of the Agreement; (ii) conditioning Defendant's performance under the

Agreement on the establishment of a Reserve; (iii) terminating the Agreement; and (iv) ordering

that Defendant must turn over all monies as and when they become due and owing to Plaintiff

under the Agreement, without reference to or invocation of provisions of the Agreement relating

to commencement of Plaintiff's chapter 11 case, Plaintiff's financial condition, or Section 22 of

the Agreement, and as required by, inter alia, Section 9 of the Agreement; and it is further

ORDERED that personal service of a copy of this Order to Show Cause for

Injunctive Relief with Temporary Restraining Order, together with the papers upon which it is

made, upon Defendant or its counsel, on or before **5:00 o'clock** in the afternoon on **September

27, 2005**, shall be deemed good and sufficient service; and its further

ORDERED, that any opposition papers shall be served upon counsel for Plaintiff by facsimile and overnight courier on or before **September 30**, **2005 at 4:00 o'clock** in the afternoon; and it is further

ORDERED, that any reply papers shall be served upon counsel for Defendant by facsimile and overnight courier on or before **October 3, 2005 at 11:00 o'**clock in the forenoon.

Dated:    New York, New York
          September 27, 2005


                              /s/  Allan L. Gropper
                              U.S.B.J.