```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
```

------------------------------------------------------------------------x
In re:                                                                  :
                                                                        :   **Chapter 11 Case No.**
**NORTHWEST AIRLINES CORPORATION, et al.,**                             :   **05-17930**
                                                                        :
                                   Debtors.                             :   **Jointly Administered**
                                                                        :
------------------------------------------------------------------------x

**FINAL ORDER PURSUANT TO SECTIONS 105(a), 345(b), 363(c) AND
364(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE
9019 FOR APPROVAL OF INVESTMENT GUIDELINES AND
AUTHORIZATION TO ENTER INTO, CONTINUE PERFORMANCE AND
PROVIDE CREDIT SUPPORT UNDER HEDGING AND DERIVATIVE CONTRACTS**

Upon consideration of the motion (the "Motion")[1] of Northwest Airlines Corporation ("NWA Corp."), and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"),[2] seeking entry of an order pursuant to sections 105(a), 345(b), 363(c) and 364(c) of title 11, United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (i) authorizing the Debtors to invest their cash and cash equivalents in accordance with the investment guidelines described therein; (ii) authorizing, but not directing, the Debtors to enter into and perform under hedging and derivative contracts in accordance with their ordinary business practices; (iii) authorizing, but not directing, the Debtors to provide credit support as may be necessary to implement pre-petition or post-petition hedging and derivative contracts; and (iv) authorizing, but not directing,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[2] Specifically, in addition to NWA Corp., the Debtors consist of: NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), MLT Inc. ("MLT"), Northwest Airlines Cargo, Inc. ("Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), Aircraft Foreign Sales, Inc. ("Foreign Sales") and NWA Worldclub, Inc. ("WorldClub").

the Debtors to continue performing under their existing hedging and derivative contracts, subject to the modifications set forth herein, all as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Motion having been provided to (i) the Debtors' twenty largest unsecured creditors, (ii) the Debtors' five largest pre-petition secured lenders or any agent therefor, (iii) the United States Trustee for this District, and (iv) the Securities and Exchange Commission; and it appearing that no other or further notice of the Motion need be provided; and the Court having entered an interim order granting the relief requested in the Motion on September 15, 2005 (the "Interim Order"), and the Court having determined that granting the relief sought in the Motion pursuant to this order (the "Final Order") on a final basis is in the best interests of the Debtors, their estates and all parties in interest; and upon the Motion, the Declaration of Douglas M. Steenland, dated as of the Petition Date, and the Declaration of Neal S. Cohen, Pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Orders, dated as of the Petition Date; and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted and approved in accordance with the terms set forth below; and it is further

ORDERED that the provisions of this Final Order supersede the provisions of the Interim Order, and in the event of any irreconcilable inconsistency between this Final Order and the Interim Order, the terms of this Final Order shall govern and control; and it is further

ORDERED that the provisions of this Final Order shall be effective, nunc pro tunc, to the Petition Date; and it is further

ORDERED, that the Debtors and their duly appointed agents and custodians are hereby authorized to invest, maintain, buy, sell, tender, exchange or otherwise transfer the Debtors' cash, cash equivalents and non-cash investments in accordance with the Investment Guidelines described in the Motion, in addition to the investments permitted by section 345 of the Bankruptcy Code; and it is further

ORDERED that the Debtors' compliance with the Investment Guidelines shall be deemed to constitute compliance with section 345 of the Bankruptcy Code, and the Debtors are relieved from the obligation under section 345(b) of the Bankruptcy Code to obtain a bond from any entity with which money is deposited or invested in accordance with the Investment Guidelines; and it is further

ORDERED that the Debtors may continue to honor their existing pre-petition hedging and derivative contracts in accordance with their past practices, and from time to time enter into new hedging and derivative contracts, without further order of this Court; and it is further

ORDERED that the Debtors may provide credit support with respect to existing and/or new hedging and derivative contracts as described in the Motion, without further order of this Court; and it is further

ORDERED that nothing in this Final Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease relating to their various hedging and derivative contracts or otherwise discussed in the Motion; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Final Order; and it is further

ORDERED that service of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York for the filing of a memorandum of law is waived.

Dated: New York, New York
October 7, 2005

          */s/ Allan L. Gropper*
          UNITED STATES BANKRUPTCY JUDGE