UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------x

In re:                                          :    **Chapter 11 Case No.**
                                                :    **05-17930**

**NORTHWEST AIRLINES CORPORATION, et al.,**     :

                                    **Debtors.** :    **Jointly Administered**

                                                :

------------------------------------------------------------------------------x

**FINAL ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a)
AND 365 OF THE BANKRUPTCY CODE SEEKING AUTHORIZATION TO ASSUME
CERTAIN INTERLINE TRAFFIC AGREEMENTS, INDUSTRY AGREEMENTS AND
RELATED CLEARINGHOUSE AGREEMENTS; AND (B) PURSUANT TO SECTIONS
105(a) AND 363 OF THE BANKRUPTCY CODE (I) AUTHORIZING BUT NOT
DIRECTING THE DEBTORS TO SATISFY CERTAIN PREPETITION OBLIGATIONS
UNDER INTERLINE TRAFFIC AGREEMENTS, INDUSTRY AGREEMENTS AND
RELATED CLEARINGHOUSE AGREEMENTS PENDING ASSUMPTION; AND (II)
IMMEDIATELY AUTHORIZING BUT NOT DIRECTING THE DEBTORS TO
SATISFY CERTAIN PREPETITION FREQUENT FLYER OBLIGATIONS TO OTHER
AIRLINES AND CERTAIN OBLIGATIONS TO OTHER AIRLINES THAT ARE
SETTLED THROUGH AIRLINE CLEARINGHOUSES**

Upon consideration of the motion (the "Motion")[1] of Northwest Airlines

Corporation ("NWA Corp."), and certain of its direct and indirect subsidiaries, as debtors and

debtors in possession (collectively, the "Debtors"),[2] seeking entry of an order (a) pursuant to

sections 105(a) and 365 of title 11, United States Code (the "Bankruptcy Code") authorizing the

Debtors to assume certain Interline Traffic Agreements, Industry Agreements and Related

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[2] Specifically, in addition to NWA Corp., the Debtors consist of: NWA Fuel Services Corporation
("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest
Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), MLT Inc.
("MLT"), Northwest Airlines Cargo, Inc. ("Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana
Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), Aircraft Foreign Sales, Inc. ("Foreign
Sales") and NWA Worldclub, Inc. ("WorldClub").

Clearinghouse Agreements (the "Assumption Request"); and (b) pursuant to sections 105(a) and 363 of the Bankruptcy Code (i) immediately authorizing, but not directing, the Debtors to satisfy certain prepetition obligations under Interline Traffic Agreements, Industry Agreements and Related Clearinghouse Agreements pending assumption; and (ii) immediately authorizing, but not directing, the Debtors to satisfy certain prepetition Frequent Flyer Obligations to other airlines and certain obligations to other airlines that are settled through airline Clearinghouses ((i) and (ii) together, the "Performance Request", and the parties to whom such performance request relates, the "Performance Parties"), all as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Motion having been provided to (i) the Debtors' twenty largest unsecured creditors, (ii) the Debtors' five largest pre-petition secured lenders or any agent therefor, (iii) the United States Trustee for this District, (iv) the Securities and Exchange Commission and (v) the parties to the Interline Traffic Agreements, Related Clearinghouse Agreements and Industry Agreements; and it appearing that no other or further notice of the Motion need be provided; and the Court having entered an interim order granting certain aspects of the relief requested in the Motion on September 15, 2005 (the "Interim Order"), and the Court having determined that granting the relief sought in the Motion pursuant to this order (the "Final Order") on a final basis is in the best interests of the Debtors, their estates and all parties in interest; and upon the Motion, the Declaration of Douglas M. Steenland, dated as of the Petition Date, and the Declaration of Neal S. Cohen, Pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Orders, dated as of the Petition Date; and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted and approved in accordance with the terms set forth below; and it is further

ORDERED that the provisions of this Final Order supersede the provisions of the Interim Order, and in the event of any irreconcilable inconsistency between this Final Order and the Interim Order, the terms of this Final Order shall govern and control; and it is further

ORDERED that, except as otherwise set forth below, the provisions of this Final Order shall be effective, nunc pro tunc, to the Petition Date; and it is further

ORDERED that all objections not previously withdrawn are overruled; and it is further

ORDERED that, effective as of the date of the entry of this Final Order, the Debtors are authorized to assume the Interline Traffic Agreements, Industry Agreements and Related Clearinghouse Agreements pursuant to section 365 of the Bankruptcy Code and such agreements are hereby assumed, and the Debtors shall cure defaults (if any) under such contracts in the ordinary course of business; and it is further

ORDERED that the Debtors have provided adequate assurance of future performance under the Interline Traffic Agreements, Industry Agreements and Related Clearinghouse Agreements as required under section 365(b) of the Bankruptcy Code, without requiring any further action; and it is further

ORDERED that, as provided in section 365(e) of the Bankruptcy Code, the counterparties to the Interline Traffic Agreements, Industry Agreements and Related Clearinghouse Agreements may not demand any deposit or other form of security from the Debtors; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay or honor pre-petition obligations to the Performance Parties in the ordinary course of the Debtors'

business, provided that such authority shall not be deemed to be an assumption or adoption by the Debtors of any agreements or contracts; and it is further

ORDERED that the automatic stay under section 362 of the Bankruptcy Code is hereby modified to the extent necessary to enable the Debtors, the Clearinghouses and Clearinghouse participants that are parties to the Interline Traffic Agreements, Industry Agreements and/or Other Agreements to collect and settle Clearinghouse billings in the ordinary course of business, and such collection and settlement will not contravene this Court's September 15, 2005 Order Pursuant to Sections 105(a), 362, 365, 525, 1107(a) and 1108(a) of the Bankruptcy Code (I) Authorizing Debtors to Operate Businesses and (II) Implementing the Automatic Stay, (Docket No. 81), <u>provided however</u> that such modification shall not apply to submission of prepetition billings against the Debtors which the Debtors believe (and have so advised the applicable party submitting such billings) they have not been authorized to pay; and it is further

ORDERED that all applicable banks and other financial institutions are authorized and directed, when requested by the Debtors and in the Debtors' sole discretion, to receive, process, honor, and pay any and all checks drawn on the Debtors' accounts to the Performance Parties, whether those checks were presented prior to or after the Petition Date, and make other transfers provided that sufficient funds are available in the applicable accounts to make the payments; and it is further

ORDERED that this Order shall not be construed to limit, or in any way affect, any party's ability to contest any invoice or other charge or claim on any grounds; and it is further

ORDERED that any payment made pursuant to this Order is not, and shall not be, deemed an admission to the validity of the underlying obligation or waiver of any rights any party may have to subsequently dispute such obligation; and it is further

ORDERED that notwithstanding entry of this Order, the Debtors' rights to enforce the automatic stay provisions of section 362(a) of the Bankruptcy Code with respect to any creditor who demands payment of their pre-petition debts as a condition to doing business with the Debtors post-petition are preserved; and it is further

ORDERED that, except with respect to the Assumption Request, notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party; and it is further

ORDERED that the Debtors are authorized, in their discretion and in the exercise of their business judgment, to make payment to the Performance Parties on the condition that by accepting payment, the Performance Parties agree to maintain, reinstate or otherwise comply with the On-Going Obligations/Terms during the pendency of these cases; and it is further

ORDERED that Performance Parties' acceptance of payment is deemed to be acceptance of the terms of the Order, and if the Performance Parties thereafter do not provide the Debtors with, or otherwise comply with, the On-Going Obligations/Terms during the pendency of these cases, then any payments of pre-petition claims made after the Petition Date will be deemed to be unauthorized post-petition transfers and automatically recoverable by the Debtors in their discretion; and it is further

ORDERED that the Debtors are authorized, but not required, to obtain written verification of the On-Going Obligations/Terms from the Performance Parties before issuing

payment hereunder, provided however that he absence of such written verification shall not limit the Debtors' rights hereunder; and it is further

ORDERED that, except with respect to the Assumption Request, nothing contained in this Order shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease by virtue of reference of any such contract or lease in the Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order, and it is further

ORDERED that service of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York for the filing of a memorandum of law is waived.

Dated:    New York, New York
          October 7, 2005


_/s/ Allan L. Gropper_
UNITED STATES BANKRUPTCY JUDGE