NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW CORK**

| | |
|---|---|
| In re:<br><br>NORTHWEST AIRLINES CORPORATION, <u>et al.</u>,<br><br>                                  Debtors. | Chapter 11<br><br>Case No. 05-17930 (ALG)<br><br>Jointly Administered |

**ORDER**

      The Court has been requested to sign an order to show cause bringing on a "motion for an order enforcing the automatic stay" on less than 24 hours' notice and prior to a scheduled hearing tomorrow on a motion for a preliminary injunction in the Bankruptcy Court in Minnesota. The Debtor in this case, Northwest Airlines Corporation ("Northwest"), contends that Mesaba Aviation, Inc. ("Mesaba"), an airline in its own Chapter 11 proceeding in Minnesota, has violated the automatic stay by suing Northwest in its home court without obtaining relief from the automatic stay. The relief Northwest seeks would presumably have this Court enjoin Mesaba from proceeding in its home court (although an adversary proceeding has not been commenced that would support the issuance of a preliminary injunction).

      This Court is unwilling to haul another debtor into this Court on such short notice, especially as Mesaba might argue that *Northwest's* actions here were just as violative of the automatic stay as Mesaba's appear to be. Northwest's remedy is to argue before the Bankruptcy Court in Minnesota at the hearing tomorrow that Mesaba must obtain relief from the automatic stay here before it can sue Northwest in any forum other than this Court on matters that involve

prepetition claims. This Court is willing to schedule a hearing on a motion for relief from the stay on very short notice.[1]

Accordingly, the request for an order to show cause is denied, without prejudice. Northwest's rights, if any, to damages for any violation of the automatic stay are preserved.

IT IS SO ORDERED.

Dated:   New York, New York
         November 9, 2005

                                                 */s/ Allan L. Groper*
                                       Allan L. Groper
                                       UNITED STATES BANKRUPTCY JUDGE

---

[1] As the Court sees it at this point, without benefit of briefing, one issue on such a motion would be whether this Court would be the appropriate court to decide this dispute over setoff rights, notwithstanding the general rule that a party seeking to enforce setoff rights post-petition cannot simply impose an indefinite administrative freeze but must affirmatively seek relief from the automatic stay to effect a setoff (which would ordinarily require the party to proceed in the debtor's home court). 5 Collier on Bankruptcy ¶ 553.06[2] (15th ed. 2000).