**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, et al., | Case No. 05-17930 (ALG) |
| Debtors. | Jointly Administered |

-----------------------------------------------------------------x

## MEMORANDUM OF OPINION AND ORDER
## DENYING MOTION FOR RELIEF FROM STAY

A P P E A R A N C E S:

CADWALADER, WICKERSHAM & TAFT LLP
Counsel for the Debtors
   By:   Bruce R. Zirinsky, Esq.
         Gregory M. Petrick, Esq.
         Nathan A. Haynes, Esq.
One World Financial Center
New York, New York 10281

GREGORY ROMANO, ESQ.
Counsel for Steven D. Gladstone, Margaret A. Swift
and Stephen Guardascione
   By:   Gregory Romano, Esq.
201 Route 940, Suite A
Mt. Pocono, Pennsylvania 18344

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is a motion (the "Motion") by Steven D. Gladstone, Margaret A.

Swift and Stephen Guardascione (the "Movants") seeking relief from the automatic stay

to allow the Movants to pursue their state court action in the Court of Common Pleas,

Monroe County, Pennsylvania, Case No. 1247 CV 2004 (the "State Court Action")

NOT FOR PUBLICATION

against certain of the debtors in these Chapter 11 cases (the "Debtors"). The Movants

have not attached to the Motion pleadings filed in the State Court Action but have

described the action as a class action for damages and fraud relating to the Debtors'

ticketing practices. For the reasons set forth below, Movants have not demonstrated any

reason for granting relief from the automatic stay at this time and the Motion is hereby

denied.

### Discussion

A principal purpose of the automatic stay, particularly in the early stages of a

Chapter 11 case, is to permit a debtor to focus its energies on reorganizing and managing

its business affairs without facing diversions and litigation brought on by its creditor

constituencies. *Eastern Refractories Co. v. Forty Eight Insulations, Inc*., 157 F.3d 169,

172 (2d Cir. 1998); *Teachers Ins. & Annuity Ass'n. of Am. V. Butler*, 803 F.2d 61, 64 (2d

Cir. 1986); *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y.

1990). Pursuant to § 362(d)(1) of the Bankruptcy Code, the automatic stay may only be

lifted to permit a litigation to go forward in another court upon an initial showing of

"cause" by the party seeking relief from the stay. *Sonnax Indus., Inc. v. Tri Component

Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990); *In re New

York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).[1] In determining

whether cause exists to lift the automatic stay to allow litigation to proceed in another

tribunal, courts consider a number of factors enumerated by the Second Circuit in *In re

Sonnax*:

(1)    whether relief would result in a partial or complete resolution of the
issue;

---

[1] An alternative ground for lifting the stay, that the debtor has no equity in the property at issue and the property is not needed for an effective reorganization, is not relevant. 11 U.S.C. § 362(d)(2).

**NOT FOR PUBLICATION**

(2)    lack of any connection with or interference with the bankruptcy case;

(3)    whether the other proceeding involves the debtor as a fiduciary;

(4)    whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5)    whether the debtor's insurer has assumed full responsibility for defending it;

(6)    whether the action primarily involves third parties;

(7)    whether litigation in another forum would prejudice the interest of the creditors;

(8)    whether the judgment claim arising from the other action is subject to equitable subordination;

(9)    whether the movant's success in the other proceeding would result in a judicial lien avoidance action by the debtor;

(10)   the interests of judicial economy and the expeditious and economical resolution of litigation;

(11)   whether the parties are ready for trial in the other proceeding; and

(12)   impact of the stay on the parties and the balance of harms.

*In re Sonnax*, 907 F.2d at 1286.  Here, the Movants have failed to even allude to the *Sonnax* factors, much less make the requisite showing of cause thereunder.

The *Sonnax* factors most relevant to this motion are the tenth factor, the interests of judicial economy, and the twelfth factor, the impact of the stay on the parties and the balance of harms.  These factors weigh against lifting the automatic stay.  In brief, the Movants have not demonstrated why relief from the automatic stay to pursue the State Court Action is appropriate at this early stage in the Debtors' Chapter 11 bankruptcy proceedings.  At oral argument, the only reason the Movants gave for seeking stay relief at this time is that the Debtors should not be allowed to continue allegedly fraudulent ticketing practices and therefore injunctive relief is necessary.  However, it is not at all clear that the Movants are even seeking injunctive relief in the State Court Action, nor does their Motion refer to such relief.  In any case, the Movants' alleged injury does not involve imminent harm to public health or safety but, as admitted in the Motion, can be seemingly compensated by a claim for monetary damages.

NOT FOR PUBLICATION

The impact of the stay and a balancing of the equities weigh strongly in favor of denying the Motion. The Movants would suffer little hardship from a denial of their Motion, as their claim for monetary damages is at best a prepetition claim in the Chapter 11 cases.[2] On the other hand, an order lifting the automatic stay would significantly prejudice the Debtors and their efforts to reorganize. The Debtors are among the largest airlines in the United States and are currently facing a multitude of problems that are endemic in the industry. They are managing a case with over 1,700 docket entries to date and have been dealing with a number of complex issues on an expedited basis, such as compliance with the requirements of § 1110 and motions for relief under §§ 1113 and 1114 of the Bankruptcy Code. Additionally, the Debtors are party to hundreds if not thousands of actions which are presently pending before other courts and are stayed under § 362(a)(1). To allow the automatic stay to be lifted with respect to this action at this time would prompt similar motions and require the Debtors to spend an inordinate amount of time and money on litigation and detract from the Debtors' attempts to restructure their business.

Other *Sonnax* factors also weigh against lifting the automatic stay: (i) relief from the stay will not result in a complete resolution of the issues because the Movants presumably will assert claims directly against the estates; (ii) no specialized tribunal has been established to hear the State Court Action; (iii) the State Court Action cannot be characterized as primarily involving third parties; and (iv) the State Court Action appears to be in the initial stages of litigation and the parties are not ready for trial.

---

[2] The Movants also apparently did not understand that all claims in a Chapter 11 case are subject to discharge, even ones that sound in fraud.

NOT FOR PUBLICATION

In summary, at this time the Debtors should be permitted to concentrate all of their efforts and resources on reorganizing without the expense and distraction of the State Court Action.[3]

### Conclusion

For the reasons set forth above, the Motion is denied.

IT IS SO ORDERED.

Dated:  New York, New York
        January 12, 2006

                        /s/ Allan L. Gropper
            UNITED STATES BANKRUPTCY JUDGE

---

[3] It should be noted that the Debtors have entered into a number of stipulations lifting the stay where the costs and possible judgments would be fully covered by insurance.  Movants were offered such relief but declined.