<u>**NOT FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, et al., | Case No. 05-17930 (ALG) |
| Debtors. | Jointly Administered |

-----------------------------------------------------------------x

**MEMORANDUM OF OPINION AND ORDER
DENYING MOTION FOR RELIEF FROM STAY**

A P P E A R A N C E S:

CADWALADER, WICKERSHAM & TAFT LLP
Counsel for the Debtors
  By:  Bruce R. Zirinsky, Esq.
       Gregory M. Petrick, Esq.
       Nathan A. Haynes, Esq.
One World Financial Center
New York, New York 10281

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for the Movants
  By:  John W. Kozyak, Esq.
2525 Ponce De Leon, 9th Floor
Coral Gables, Florida 33134

**ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE**

      Before the Court is a motion (the "Motion") by class action plaintiffs (the

"Movants") seeking relief from the automatic stay to allow the Movants to pursue an

antitrust class action in the United States District Court for the Eastern District of

Michigan (the "District Court"), consolidated under the caption *In re Northwest Airlines*

1

**NOT FOR PUBLICATION**

*Corp. et al. Antitrust Litigation*, Case No. 96-74711 (the "Antitrust Action"), against certain of the debtors in these Chapter 11 cases (the "Debtors").

The Antitrust Action was filed in 1996 against the Debtors and other airlines and complains of practices that allegedly prohibit or discourage "hidden city ticketing." In the Antitrust Action, the Movants seek to obtain a judgment for more than $1 billion in damages and to enjoin the Debtors from continuing allegedly anticompetitive business practices. For the reasons set forth below, the Movants have not demonstrated cause for obtaining relief from the automatic stay and the Motion is denied.

## Discussion

The automatic stay imposed by § 362 of the Bankruptcy Code is a key provision of the Code designed to permit a Chapter 11 debtor to concentrate on rehabilitating its business without interference by actions of creditors or litigation that would hinder the reorganization process. *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 157 F.3d 169, 172 (2d Cir. 1998); *Teachers Ins. & Annuity Ass'n. of Am. V. Butler*, 803 F.2d 61, 64 (2d Cir. 1986); *Fid. Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 53 (2d Cir. 1976); *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990). A party seeking to lift the automatic stay to pursue litigation in another court must make a threshold showing of "cause" under § 362(d)(1) of the Bankruptcy Code. *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990); *In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).[1] In determining whether cause exists to lift the automatic stay to allow

---

[1] An alternative ground for lifting the stay, that the debtor has no equity in the property at issue and the property is not needed for an effective reorganization, is not relevant. 11 U.S.C. § 362(d)(2).

litigation to proceed in another tribunal, courts consider a number of factors enumerated by the Second Circuit in *In re Sonnax*:

    (1)   whether relief would result in a partial or complete resolution of the issue;
    (2)   lack of any connection with or interference with the bankruptcy case;
    (3)   whether the other proceeding involves the debtor as a fiduciary;
    (4)   whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
    (5)   whether the debtor's insurer has assumed full responsibility for defending it;
    (6)   whether the action primarily involves third parties;
    (7)   whether litigation in another forum would prejudice the interest of the creditors;
    (8)   whether the judgment claim arising from the other action is subject to equitable subordination;
    (9)   whether the movant's success in the other proceeding would result in a judicial lien avoidance action by the debtor;
    (10)  the interests of judicial economy and the expeditious and economical resolution of litigation;
    (11)  whether the parties are ready for trial in the other proceeding; and
    (12)  impact of the stay on the parties and the balance of harms.

*In re Sonnax*, 907 F.2d at 1286). "Not all of these factors will be relevant in every case," *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999), and a court need not give equal weight to each factor. *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994). As discussed below, the relevant *Sonnax* factors weigh against lifting the automatic stay to allow the Antitrust Action to go forward.

       The critical factors that require denial of the Motion are the fact that prosecution of the Antitrust Action at this time would unduly interfere with the Debtors' bankruptcy proceedings (factor 2), that litigation would prejudice the interests of other creditors (factor 7), and that the balance of the harms favors denial of the Motion (factor 12). The Debtors are at a critical stage of their reorganization proceedings. They have just completed protracted and contested trials related to their labor costs and settlements have

not been finalized. They thereafter have to proceed to the vital issues of plan financing and plan formulation. The Movants have indicated that they intend to call as witnesses the Debtors' CEO and other senior executives, all of whom are heavily involved in restructuring the Debtors' business operations and cannot afford to devote time and energy to preparing for and participating in a trial on the Antitrust Action. The Debtors have made a clear showing that they are dealing with complex and pressing bankruptcy issues and that a lifting of the stay would interfere with their efforts to reorganize at this critical stage in these Chapter 11 cases.

Turning to other factors, the possible readiness of the Antitrust Action for trial (factor 11) would ordinarily militate in favor of relief from the stay. Under the circumstances of this case, however, readiness for trial actually weighs against lifting the stay because proceeding to trial on the Antitrust Action would require the immediate attention of members of the Debtors' top management to defend a billion-dollar lawsuit.

Furthermore, as this Court has previously recognized in these bankruptcy proceedings, lifting the automatic stay with respect to cases such as the Antitrust Action would open the floodgates for similar motions and cause the Debtors to refocus their energies on litigation before other courts rather than emergence from Chapter 11. See *In re Northwest Airlines et al.*, No. 05-17930 (ALG) (Bankr. S.D.N.Y. Jan. 12, 2006) ("Gladstone"). In comparison, the Movants have not shown any unusual prejudice by a continuance of the stay. The Movants argue that the public interest is involved in that they seek an injunction as well as treble damages, but there is no issue of public health or safety and no indication that the Movants' claims must be resolved before the Debtors

can file a feasible plan. The impact of the stay and a balancing of the equities weigh strongly in favor of denial of the Motion.

## Conclusion

For the reasons set forth above, the Motion is denied. IT IS SO ORDERED.

Dated: New York, New York
      March 10, 2006

                              */s/ Allan L. Gropper*
                              UNITED STATES BANKRUPTCY JUDGE