<u>**NOT FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, et al., | Case No. 05-17930 (ALG) |
| Debtors. | Jointly Administered |

------------------------------------------------------------------x

**MEMORANDUM OF OPINION AND ORDER
DENYING MOTION FOR RELIEF FROM STAY**

A P P E A R A N C E S:

CADWALADER, WICKERSHAM & TAFT LLP
Counsel for the Debtors
   By:   Bruce R. Zirinsky, Esq.
         Gregory M. Petrick, Esq.
         Nathan A. Haynes, Esq.
One World Financial Center
New York, New York 10281

HOWREY LLP
Counsel for Edita Laurel
   By:   Robert D. Terris, Esq.
525 Market Street, Suite 3600
San Francisco, California 94105

**ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE**

Before the Court is a motion (the "Motion") by Edita Laurel (the "Movant") seeking relief from the automatic stay to allow the Movant to pursue state court actions in the Superior Court of California, County of San Mateo (the "State Court"), Case Nos. CIV 435432 and CIV 447767 (together, the "State Court Actions"), against Northwest Airlines Corporation (the "Debtor") and Kieran Sheridan ("Sheridan"), an employee of

1

**NOT FOR PUBLICATION**

Northwest Airlines, Inc. The State Court Actions assert claims including employment discrimination and intentional infliction of emotional distress and have been stayed against the Debtor by virtue of the automatic stay and against Sheridan pursuant to a ruling by the State Court.

A principal purpose of the automatic stay is to permit a debtor to focus its energies on reorganizing and managing its business affairs without facing diversions and litigation brought on by its creditors. *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 157 F.3d 169, 172 (2d Cir. 1998); *Teachers Ins. & Annuity Ass'n. of Am. V. Butler*, 803 F.2d 61, 64 (2d Cir. 1986); *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990). Pursuant to § 362(d)(1) of the Bankruptcy Code, the automatic stay may only be lifted to permit a litigation to go forward in another court upon an initial showing of "cause" by the party seeking relief from the stay. *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990); *In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).[1] In determining whether cause exists to lift the automatic stay to allow litigation to proceed in another tribunal, courts consider a number of factors enumerated by the Second Circuit in *In re Sonnax*:

(1) whether relief would result in a partial or complete resolution of the issue;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;

---

[1] An alternative ground for lifting the stay, that the debtor has no equity in the property at issue and the property is not needed for an effective reorganization, is not relevant. 11 U.S.C. § 362(d)(2).

    (7)   whether litigation in another forum would prejudice the interest of the creditors;
    (8)   whether the judgment claim arising from the other action is subject to equitable subordination;
    (9)   whether the movant's success in the other proceeding would result in a judicial lien avoidance action by the debtor;
    (10)  the interests of judicial economy and the expeditious and economical resolution of litigation;
    (11)  whether the parties are ready for trial in the other proceeding; and
    (12)  impact of the stay on the parties and the balance of harms.

*In re Sonnax*, 907 F.2d at 1286). "Not all of these factors will be relevant in every case," *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999), and a court need not give equal weight to each factor. *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994). As set forth below, the relevant *Sonnax* factors weigh against lifting the automatic stay to allow the State Court Actions to go forward against the Debtor.

       This Court has recognized that the Debtors in these Chapter 11 cases are at a critical stage in their bankruptcy proceedings and are dealing with significant, time-sensitive issues that require the attention of management and counsel as well as the breathing spell from prepetition litigation that is afforded by the automatic stay. See, e.g., *In re Northwest Airlines et al.*, No. 05-17930 (ALG) (Bankr. S.D.N.Y. Mar. 10, 2006), (Bankr. S.D.N.Y. Jan. 12, 2006) ("*Gladstone*"). Defending against a multitude of actions like the ones the Movant seeks to pursue would impede the Debtors' successful emergence from Chapter 11. As this Court stated in *Gladstone*, "the Debtors are party to hundreds if not thousands of actions which are presently pending before other courts and are stayed under § 362(a)(1). To allow the automatic stay to be lifted with respect to this action at this time would prompt similar motions and require the Debtors to spend an inordinate amount of time and money on litigation and detract from the Debtors' attempts to restructure their business." (*Gladstone*, p. 4). The distraction and expense of

3

**NOT FOR PUBLICATION**

defending such litigation would interfere with judicial economy and the Debtors' process of reorganization. See *In re Ionosphere Cubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1990).

On the other hand, the Movant has not established that she will suffer legally cognizable harm if the automatic stay remains in place. The Movant is seeking monetary damages and the State Court Actions involve no issue of public health or safety. Thus the impact of the stay and a balancing of the harms weigh strongly against lifting the automatic stay.

Other *Sonnax* factors also weigh against lifting the stay: (i) the State Court Actions appear to be in the early stages of litigation and the parties are not ready for trial; (ii) no specialized tribunal has been established to hear the State Court Actions; (iii) the Debtor does not appear to have insurance coverage for the claims raised in the State Court Actions; and (iv) the State Court Actions cannot be characterized as primarily involving third parties.

With respect to the stay of the actions against Sheridan, this Court has no jurisdiction to consider the stay imposed by the State Court. The State Court may have reasonably concluded that one hearing involving all defendants would be more judicially economical than proceeding against the Debtor and Sheridan separately.

For the reasons set forth above, the Motion is denied. IT IS SO ORDERED.

Dated: New York, New York
        March 13, 2006

                                            */s/ Allan L. Gropper*
                                        UNITED STATES BANKRUPTCY JUDGE