NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:                                                                    Chapter 11

NORTHWEST AIRLINES CORPORATION, et al.,    Case No. 05-17930 (ALG)

                                         Debtors.               Jointly Administered

----------------------------------------------------------------x

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

      In a Memorandum of Opinion and Order dated March 10, 2006 (the "Order"), the Court denied the motion of class action plaintiffs (the "Movants") for relief from the automatic stay to allow the Movants to pursue an antitrust action (the "Antitrust Action") in the United States District Court for the Eastern District Michigan (the "District Court") against certain of the debtors in these Chapter 11 cases (the "Debtors"). The Movants have timely moved for reconsideration.

      Motions for reargument or reconsideration require the movant to show "that the Court overlooked controlling decisions or factual matters 'that might materially have influenced its earlier decision.'" *Nat'l Ass'n of Coll. Bookstores, Inc. v. Cambridge Univ. Press*, 990 F. Supp. 245, 254 (S.D.N.Y. 1997), quoting *Anglo-American Ins. Group, P.L.C. v. CalFed Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996); *In re Jamesway Corp.*, 203 B.R. 543, 546 (Bankr. S.D.N.Y. 1996). In the alternative, the movant must

1

"demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.*, 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005), citing *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999). The rule permitting reargument is "narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court." *Winkler v. Metropolitan Life Ins.*, 340 F. Supp. 2d 411, 413 (S.D.N.Y. 2004); *Griffin Indus., Inc.*, 72 F. Supp. 2d at 368; *In re Best Payphones, Inc.*, 2003 WL 1089525, at *2 (Bankr. S.D.N.Y. 2003). A motion for reconsideration is "limited to the record that was before the Court on the original motion." *Periera v. Aetna Cas. & Sur. Co. (In re Payroll Express Corp.)*, 216 B.R. 713, 716 (S.D.N.Y. 1997) (internal citations omitted).

The Movants' original motion sought stay relief to allow the Antitrust Action to proceed to trial in the District Court. In their reply brief, at oral argument, and now here, Movants put more emphasis on obtaining more limited stay relief that would only allow the Debtors' motions for summary judgment and decertification of the Antitrust Action to proceed to adjudication by the District Court. The Movants assert that the Court should reconsider its denial of their request for stay relief because the more limited relief requested is not explicitly addressed in the Order. (Motion for Reconsideration ¶ 6.)

In the Order, the Court denied Movants relief from the stay to proceed with the District Court litigation altogether. One of the reasons was that a trial would require the attention of senior management, but there were many other reasons, which will not be repeated here, that did not involve trial preparation. Having denied relief from the stay to pursue the District Court litigation as a whole, the request for more limited relief was also

denied. It is patently obvious that under the circumstances this Court should not dole out parts of a litigation to a District Court in Michigan piecemeal or grant relief that would require another court to resolve complex motions when there has been no decision as to where, when or how the litigation should ultimately proceed.

The Movants further argue that the Order should be reconsidered because they have sought a permanent injunction to prevent the Debtors from continuing alleged illegal business practices, and that such relief would not violate the automatic stay. (Motion for Reconsideration ¶¶ 7-8.) The Order deals with their original contentions relating to the injunctive relief sought in their Complaint, finding that there was no issue of public health or safety involved and that there is no indication that their claims would have to be resolved before the Debtors could file or confirm a plan. Movants' further assertion that a permanent injunction would not violate the automatic stay is a theory not argued on the original motion and inappropriate on a motion for reconsideration. See *In re Adelphia Communications Corp.*, 2005 WL 1199051, at *1 (Bankr. S.D.N.Y. May 20, 2005) ("[A] party who failed to present their strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider."); see also *In re Asia Global Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y. 2005) ("[T]he parties cannot advance new facts or arguments; a motion for reargument is not a vehicle for "presenting the case under new theories, securing a rehearing on the merits or otherwise taking a second bite at the apple.'"), quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). In any event, there is no indication that the Movants would be prepared to drop all their claims for damages going back ten years to the commencement

3

of their case in 1996 and seek only prospective injunctive relief, and the automatic stay is clearly implicated.

Accordingly, the Movants' motion is denied.

**IT IS SO ORDERED.**

Dated: New York, New York
April 28, 2006

*/s/ Allan L. Gropper*
UNITED STATES BANKRUPTCY JUDGE
