<u>**NOT FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, et al., | Case No. 05-17930 (ALG) |
| Debtors. | Jointly Administered |

-----------------------------------------------------------------x

**MEMORANDUM OF OPINION AND ORDER
DENYING MOTION FOR RELIEF FROM STAY**

A P P E A R A N C E S:

CADWALADER, WICKERSHAM & TAFT LLP
Counsel for the Debtors
  By:  Gregory M. Petrick, Esq.
       Nathan A. Haynes, Esq.
One World Financial Center
New York, New York 10281

DISABILITY RIGHTS ADVOCATES
Counsel for Movants
  By:  Alexius Markwalder, Esq.
2001 Center Street, Third Floor
Berkeley, California 94704

**ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE**

      Before the Court is a motion (the "Motion") by Nicholas Scheevel, by his parents and proposed guardian ad litem, Nanci Scheevel and Roger Scheevel (collectively the "Movants"), seeking relief from the automatic stay to allow Movants to file a California state court class action seeking injunctive relief (the "State Court Action") against Northwest Airlines, Inc. (the "Debtor").

1

<u>**NOT FOR PUBLICATION**</u>

The Motion and the proposed State Court Action are based on the Debtors' alleged noncompliance with certain statutes or regulations that prohibit discrimination by airline carriers on the basis of disability. If granted permission to bring the proposed State Court Action, Movants intend to seek injunctive relief ordering the Debtors to modify their policies and procedures as to passengers with disabilities, as well as attorney's fees and costs. For the reasons set forth below, Movants have not demonstrated cause for obtaining relief from the automatic stay, and the Motion is denied.

## Discussion

The automatic stay imposed by § 362 of the Bankruptcy Code is a key provision of the Code designed to permit a Chapter 11 debtor to concentrate on rehabilitating its business without interference from actions of creditors or litigation. *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 157 F.3d 169, 172 (2d Cir. 1998); *Teachers Ins. & Annuity Ass'n. of Am. v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986); *Fid. Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 53 (2d Cir. 1976); *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990). A party seeking to lift the automatic stay to pursue litigation in another court must make a threshold showing of "cause" under § 362(d)(1) of the Bankruptcy Code. *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990); *In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).[1] In determining whether cause exists to lift the automatic stay to allow litigation to proceed in another tribunal, courts consider a number of factors enumerated by the Second Circuit in *In re Sonnax*:

---

[1] An alternative ground for lifting the stay, that the debtor has no equity in the property at issue and the property is not needed for an effective reorganization, is not relevant here. 11 U.S.C. § 362(d)(2).

2

    (1)    whether relief would result in a partial or complete resolution of the issue;
    (2)    lack of any connection with or interference with the bankruptcy case;
    (3)    whether the other proceeding involves the debtor as a fiduciary;
    (4)    whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
    (5)    whether the debtor's insurer has assumed full responsibility for defending it;
    (6)    whether the action primarily involves third parties;
    (7)    whether litigation in another forum would prejudice the interest of the creditors;
    (8)    whether the judgment claim arising from the other action is subject to equitable subordination;
    (9)    whether the movant's success in the other proceeding would result in a judicial lien avoidance action by the debtor;
    (10)    the interests of judicial economy and the expeditious and economical resolution of litigation;
    (11)    whether the parties are ready for trial in the other proceeding; and
    (12)    impact of the stay on the parties and the balance of harms.

*In re Sonnax*, 907 F.2d at 1286. "Not all of these factors will be relevant in every case," *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999), and a court need not give equal weight to each factor. *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994). As discussed below, the relevant *Sonnax* factors weigh against lifting the automatic stay to allow the State Court Action to go forward.

       The Debtors have been in bankruptcy for nearly ten months, and although they have made progress towards a successful reorganization during this time, they presently face a number of significant tasks, including resolution of vital labor issues, completion of the restructuring of aircraft and facilities leases, obtaining debtor-in-possession and exit financing, and negotiation with their creditor constituencies and other stakeholders regarding formulation of a plan of reorganization. The Debtors should not have to divert their management resources to defend against the proposed State Court Action at this time, and they do not have resources to litigate multiple actions before other courts

3

without impeding their efforts to emerge from Chapter 11. Movants' assertion that "none of the bankruptcy purposes underlying the automatic stay are served by" staying the proposed State Court Action (Motion, at 6) ignores the breathing spell from litigation that is afforded by the automatic stay. Moreover, granting Movants relief from the stay in this instance would encourage similar motions.

The impact of the stay on the parties and a balancing of the harms weigh in favor of denial of the Motion. Although Movants raise issues of public interest, they have not shown any undue prejudice by continuance of the stay. To the extent Movants have an individual claim for monetary damages, it is a pre-petition claim that need not be resolved at this time.[2] To the extent Movants seek to enjoin the Debtors from denying them transportation individually in the future, there is no apparent need for immediate injunctive relief, as the Debtors represented at the hearing on the Motion that they would give personal attention to Movants' needs on any future Northwest flights that Movants may take.[3] Movants' further demand that the Debtors defend a class action that seeks to invalidate or modify their policies and procedures relating to all passengers with disabilities, however, is unwarranted at this time.

Other *Sonnax* factors also weigh against lifting the stay: (i) the parties are clearly not ready for trial, as the proposed State Court Action has not even been filed; (ii) no

---

[2] Movants state that they are willing to forego any damage claim they have under California state law "as a condition to lifting the stay." (Motion, at 4 n.2.) This voluntary waiver, however, does not change the fact that Movants have a pre-petition claim and their lawsuit is stayed under § 362(a)(1) as the "commencement or continuance ... of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case" under the Bankruptcy Code. Movants possessed a pre-petition right to payment, and the proposed State Court Action could have been brought prior to the filing of these Chapter 11 cases. See *LTV Steel Co. v. Shalala (In re Chateaugay Corp.)*, 53 F.3d 478, 497 (2d Cir. 1995).
[3] Whether Movants' claim for injunctive relief is or is not dischargeable, as argued in the Motion, is not an issue that need be resolved now and is not determinative for purposes of deciding the Motion.

**NOT FOR PUBLICATION**

specialized tribunal has been established to hear the State Court Action; and (iii) the State Court Action cannot be characterized as primarily involving third parties.

## Conclusion

For the reasons set forth above, the Motion is denied.  IT IS SO ORDERED.

Dated: New York, New York
       July 7, 2006

                                       _____/s/ Allan L. Gropper_____
                                       UNITED STATES BANKRUPTCY JUDGE