NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, et al., | Case No. 05-17930 (ALG) |
| Debtors. | Jointly Administered |

-----------------------------------------------------------------x

### MEMORANDUM OF OPINION AND ORDER
### DENYING MOTION FOR RELIEF FROM STAY

A P P E A R A N C E S:

CADWALADER, WICKERSHAM & TAFT LLP
Counsel for the Debtors
　By:　Gregory M. Petrick, Esq.
　　　　Nathan A. Haynes, Esq.
One World Financial Center
New York, New York 10281

BALBER PICKARD BATTISTONI MALDONADO
& VAN DER TUIN PC
Counsel for Movant
　By:　Thomas Battistoni, Esq.
1370 Avenue of the Americas
New York, New York 10019-4602

RIDDELL WILLIAMS P.S.
Counsel for Movant
　By:　Joseph E. Shickich, Jr., Esq.
1001 4th Avenue, Suite 4500
Seattle, Washington 98154-1192

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

　　　Before the Court is a motion (the "Motion") by Abel Ghirmai (the "Movant")

seeking relief from the automatic stay to allow Movant to pursue an employment

**NOT FOR PUBLICATION**

discrimination lawsuit in the United States District Court for the Western District of

Washington at Seattle, Case No. C02-1839P (the "Federal Court Action") against

Northwest Airlines, Inc. (the "Debtor").

The Federal Court Action stems from an employment-related discrimination case

brought by Movant in the District Court in 2001 and dismissed on summary judgment in

2003.  The Ninth Circuit reversed in 2005, and the District Court set the Federal Court

Action down for a jury trial that has been stayed by virtue of the automatic stay under §

362 of the Bankruptcy Code.  For the reasons set forth below, Movant has not

demonstrated cause for obtaining relief from the automatic stay, and the Motion is

denied.

### Discussion

The automatic stay imposed by § 362 of the Bankruptcy Code is a key provision

of the Code designed to permit a Chapter 11 debtor to concentrate on rehabilitating its

business without interference from actions of creditors or litigation.  *Eastern Refractories

Co. v. Forty Eight Insulations, Inc*., 157 F.3d 169, 172 (2d Cir. 1998); *Teachers Ins. &

Annuity Ass'n. of Am. v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986); *Fid. Mortgage Investors

v. Camelia Builders, Inc.*, 550 F.2d 47, 53 (2d Cir. 1976); *CAE Indus. Ltd. v. Aerospace

Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990).  A party seeking to lift the automatic

stay to pursue litigation in another court must make a threshold showing of "cause" under

§ 362(d)(1) of the Bankruptcy Code.  *Sonnax Indus., Inc. v. Tri Component Prods. Corp.

(In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990); *In re New York Med.

Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).[1]  In determining whether cause

---

[1] An alternative ground for lifting the stay, that the debtor has no equity in the property at issue and the property is not needed for an effective reorganization, is not relevant here.  11 U.S.C. § 362(d)(2).

**NOT FOR PUBLICATION**

exists to lift the automatic stay to allow litigation to proceed in another tribunal, courts

consider a number of factors enumerated by the Second Circuit in *In re Sonnax*:

> (1)  whether relief would result in a partial or complete resolution of the issue;
> (2)  lack of any connection with or interference with the bankruptcy case;
> (3)  whether the other proceeding involves the debtor as a fiduciary;
> (4)  whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5)  whether the debtor's insurer has assumed full responsibility for defending it;
> (6)  whether the action primarily involves third parties;
> (7)  whether litigation in another forum would prejudice the interest of the creditors;
> (8)  whether the judgment claim arising from the other action is subject to equitable subordination;
> (9)  whether the movant's success in the other proceeding would result in a judicial lien avoidance action by the debtor;
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) whether the parties are ready for trial in the other proceeding; and
> (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax*, 907 F.2d at 1286.  "Not all of these factors will be relevant in every case,"

*Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999), and a court need not

give equal weight to each factor.  *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y.

1994).  As discussed below, the most relevant *Sonnax* factors, interference with the

Debtors' bankruptcy proceedings (factor 2) and the impact of the stay and the balance of

the harms (factor 12), weigh against lifting the automatic stay to allow the Federal Court

Action to go forward.

Movant's request for stay relief hinges on his assertion that he should not be

required to file a proof of claim with this Court and forego his right to a jury trial in the

Federal Court Action.  Under the Bankruptcy Code and the Federal Rules of Bankruptcy

Procedure, a creditor whose claim is not listed on the debtor's schedules, or is scheduled

3

**NOT FOR PUBLICATION**

as "disputed, contingent, or unliquidated," must file a timely proof of claim in order to be treated as a creditor for purposes of voting and distribution. 11 U.S.C. § 1111(a); Fed. R. Bankr. P. 3003(b)(1); Fed. R. Bankr. P. 3003(c)(2). However, a creditor who files a proof of claim ordinarily becomes subject to the equitable jurisdiction of the bankruptcy court and loses any Seventh Amendment right to a jury trial. *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990). Movant asserts that the Court should lift the automatic stay to allow the Federal Court Action to proceed to a jury trial in the District Court because he would otherwise have to choose between (i) filing a proof of claim and losing his right to a jury trial and (ii) not filing a proof of claim and probably foregoing any participation in the distribution of the estate.

Even if Movant were granted relief from the stay, however, he would still not be relieved of the obligation to file a proof of claim. Moreover, Movant's situation is not unusual and his jury rights do not relieve him of this objection. In *In re Hooker Investments, Inc.*, 937 F.2d 833 (2d Cir. 1991), a creditor moved to extend the bar date for filing proofs of claim in order to preserve whatever right it had to a jury trial in an avoidance action. The Bankruptcy Court denied the motion, and the District Court and Second Circuit affirmed, reasoning that the creditor could not "invoke the bankruptcy court's equitable jurisdiction so that it may share in the distribution of Debtors' bankruptcy estate, but avoid the bankruptcy court's equitable jurisdiction so that [it] can obtain a jury trial." 937 F. 2d at 838. The same principles apply here, and Movant's desire to preserve his right to a jury trial does not constitute "cause" for purposes of lifting the automatic stay.

**NOT FOR PUBLICATION**

Movant also contends that his pre-petition claim is one for a personal injury tort and therefore not within the jurisdiction of this Court to try pursuant to 28 U.S.C. § 157(b)(5).  There is relevant authority that a tort claim "without trauma or bodily injury," such as Movant's discrimination claim, "is not within the statutory exception for a personal injury tort."  *In re Vinci*, 108 B.R. 439, 442 (Bankr. S.D.N.Y. 1989); see also *In re Finley*, 194 B.R. 728, 734 (S.D.N.Y. 1995); *In re Cohen*, 107 B.R. 453, 455 (S.D.N.Y. 1989).  In any event, § 157(b)(5) provides that a personal injury tort case be tried in either the district court where the bankruptcy case is pending or where the claim arose.  If this claim cannot be resolved by the voluntary procedures the Debtors have stated they will shortly introduce, a determination can be made at a later date whether the case must be tried in a district court and, if so, where.

In light of the above, it is clear that Movant, who is solely seeking monetary damages, will not suffer legally cognizable harm if the automatic stay remains in place with respect to the Federal Court Action.  In contrast, the Debtors currently face a host of issues that require the full attention of management as well as the breathing spell from pre-petition litigation that is afforded by the automatic stay.  These include resolution of vital labor issues, completion of the restructuring of aircraft and facilities leases, obtaining debtor-in-possession and exit financing, and negotiation with their creditor constituencies and other stakeholders regarding formulation of a plan of reorganization.  Allowing the Federal Court Action to go forward at this time would prompt similar motions from similarly situated parties and interfere with the Debtors' efforts to restructure their businesses and achieve a viable plan of reorganization.  Thus the impact

**NOT FOR PUBLICATION**

of the stay on the parties and a balancing of the harms weigh in favor of denial of the

Motion.

### Conclusion

For the reasons set forth above, the Motion is denied.  IT IS SO ORDERED.

Dated: New York, New York
        July 7, 2006

                      _____/s/ Allan L. Gropper_____
                      UNITED STATES BANKRUPTCY JUDGE