<u>**NOT FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                              Chapter 11

NORTHWEST AIRLINES CORPORATION, et al.,             Case No. 05-17930 (ALG)

                              Debtors.              Jointly Administered


------------------------------------------------------------------x

**MEMORANDUM OF OPINION AND ORDER
GRANTING MOTION TO COMPEL AND
DENYING MOTION FOR RELIEF FROM STAY**

A P P E A R A N C E S:

CADWALADER, WICKERSHAM & TAFT LLP
Counsel for the Debtors
   By:   Gregory M. Petrick, Esq.
         Nathan A. Haynes, Esq.
One World Financial Center
New York, New York 10281

RICHARD T. WYLIE, ESQ.
Counsel for Movant
   By:   Richard T. Wylie, Esq.
701 Fourth Avenue South, Suite 500
Minneapolis, Minnesota 55415

**ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE**

Before the Court is a motion (the "Motion") by Caleb Sturge (the "Movant") to

(a) lift the automatic stay to allow Movant to pursue a wrongful discharge lawsuit in the

United States District Court for the District of Minnesota, Case No. 05-1665 (the

"Federal Court Action") against Northwest Airlines, Inc. (the "Debtor"), (b) compel the

Debtor to arbitrate Movant's pending grievances under the Debtor's collective bargaining

1

**NOT FOR PUBLICATION**

agreement with the Airline Pilots Association International ("ALPA"), or (c) in the alternative, lift the automatic stay to allow Movant to bring an action in a Minnesota trial court to compel arbitration.

Movant is a former Northwest pilot who was discharged for cause in October 2003, making him ineligible for certain retirement benefits in accordance with company policies and the terms of the ALPA collective bargaining agreement. Movant grieved his discharge to the Debtor's System Board of Adjustment, an arbitration panel, which upheld the discharge in October 2004. In March 2005, Movant filed two grievances alleging that he had a right to the denied retirement benefits despite his discharge for cause. These grievances were never arbitrated; the Debtor contends that there is no record of such grievances having ever been filed. In August 2005, Movant filed the Federal Court Action, alleging that the Debtor discharged him because of a medical disability in violation of the provisions of the Employment Retirement Income Security Act of 1974 and seeking damages and reinstatement as a pilot.

For the reasons set forth below, Movant's motion to compel arbitration is granted, and his motion to lift the automatic stay to pursue the Federal Court Action is denied.

## Discussion

The automatic stay imposed by § 362 of the Bankruptcy Code is a key provision of the Code designed to permit a Chapter 11 debtor to concentrate on rehabilitating its business without interference from actions of creditors or litigation. *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 157 F.3d 169, 172 (2d Cir. 1998); *Teachers Ins. & Annuity Ass'n. of Am. v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986); *Fid. Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 53 (2d Cir. 1976); *CAE Indus. Ltd. v. Aerospace*

2

**NOT FOR PUBLICATION**

*Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990). A party seeking to lift the automatic stay to pursue litigation in another court must make a threshold showing of "cause" under § 362(d)(1) of the Bankruptcy Code. *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990); *In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).[1] In determining whether cause exists to lift the automatic stay to allow litigation to proceed in another tribunal, courts consider a number of factors enumerated by the Second Circuit in *In re Sonnax*:

(1) whether relief would result in a partial or complete resolution of the issue;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interest of the creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether the movant's success in the other proceeding would result in a judicial lien avoidance action by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of harms.

*In re Sonnax*, 907 F.2d at 1286. "Not all of these factors will be relevant in every case," *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999), and a court need not give equal weight to each factor. *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994).

---

[1] An alternative ground for lifting the stay, that the debtor has no equity in the property at issue and the property is not needed for an effective reorganization, is not relevant here. 11 U.S.C. § 362(d)(2).

**NOT FOR PUBLICATION**

As the Court stated at the hearing on this Motion, Movant may proceed with his grievances regarding his alleged rights.  The Debtors are proceeding to arbitrate or otherwise administer grievances with other employees in the ordinary course of their business, and no reason has been given as to why they should not go forward with the grievances filed by Movant.  The Debtors are directed to arbitrate such grievances in the ordinary course of business and in accordance with the ALPA collective bargaining agreement, if applicable.  Whether these grievances are distinct from Movant's earlier grievance contesting discharge for cause, as Movant contends, or duplicative of the earlier grievance and therefore settled, as argued by the Debtors, is an issue for the arbitration panel to decide.

Movant's demand to proceed with the Federal Court Action presents different issues.  The most relevant *Sonnax* factors, interference with the Debtors' bankruptcy proceedings (factor 2) and the impact of the stay and the balance of the harms (factor 12), weigh against lifting the automatic stay to allow the Federal Court Action to go forward.  As this Court has recognized, the Debtors currently face a host of issues that require the full attention of management as well as the breathing spell from pre-petition litigation that is afforded by the automatic stay.  These include resolution of vital labor issues, completion of the restructuring of aircraft and facilities leases, obtaining debtor-in-possession and exit financing, and negotiation with their creditor constituencies and other stakeholders regarding formulation of a plan of reorganization.  Allowing the Federal Court Action to go forward at this time would prompt similar motions from similarly situated parties and interfere with the Debtors' efforts to restructure their businesses and achieve a viable plan of reorganization.

**NOT FOR PUBLICATION**

By contrast, Movant has not demonstrated why the Federal Court Action must go forward at the same time as the grievance proceedings. Moreover, the Federal Court Action would presumably continue for some time, leaving Movant with the need to make medical decisions without full knowledge of all the possible outcomes. This is especially true to the extent that Movant's claim for reinstatement may be liquidated as a monetary damage award. The Court does not determine this issue at this time, but Movant has not demonstrated cause to lift the automatic stay to allow the Federal Court Action to proceed at this time concurrently with the grievance procedures.

## Conclusion

For the reasons set forth above, Movant's motion to compel arbitration is granted, and Movant's motion to lift the automatic stay to pursue the Federal Court Action is denied. IT IS SO ORDERED.

Dated: New York, New York
       July 11, 2006

                              */s/ Allan L. Gropper*
                              UNITED STATES BANKRUPTCY JUDGE