**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                                              Chapter 11

NORTHWEST AIRLINES CORPORATION, et al.,                             Case No. 05-17930 (ALG)

                                        Debtors.                    Jointly Administered


------------------------------------------------------------------x


**MEMORANDUM OF OPINION AND ORDER
DENYING MOTION FOR RELIEF FROM STAY**

A P P E A R A N C E S:

CADWALADER, WICKERSHAM & TAFT LLP
Counsel for the Debtors
  By:   Gregory M. Petrick, Esq.
        Nathan A. Haynes, Esq.
One World Financial Center
New York, New York 10281

ROTHSTEIN ROSENFELDT ADLER
Counsel for Movant
  By:   Scot A. Goldstein, Esq.
Las Olas City Centre
401 E. Las. Olas Boulevard
Suite 1650
Fort Lauderdale, Florida 33301

**ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE**

Before the Court is a motion (the "Motion") by Christine Mercek (the "Movant"),

seeking relief from the automatic stay to allow Movant to file a class action against

Northwest Airlines Corp. (the "Debtor") in the United States District Court for the

Southern District of Florida (the "Proposed Class Action").

1

**NOT FOR PUBLICATION**

Movant was employed by the Debtor as a flight attendant from March 1988 to January 2001. Following her separation from the Debtor's employ, Movant elected to continue her participation in the Debtor's group health insurance plan (the "Plan") by exercising rights under the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161 *et seq.* ("COBRA"). Benefits payable under the Plan and pursuant to COBRA are made through the Debtors' Voluntary Employees' Beneficiary Association ("VEBA") trust, a tax-exempt trust authorized by § 501(c)(9) of the Internal Revenue Code. Movant paid her COBRA premiums on a monthly basis until she allegedly missed a payment in December 2002. Pursuant to 29 U.S.C. § 1162(2)(c), Movant had a thirty-day grace period to cure her default, and the parties dispute whether Movant tendered payment of her missed COBRA premium within the thirty day-period. In any event, the Debtor discontinued Movant's insurance coverage for non-payment of premium, and Movant claims that this discontinuance violated the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). If granted permission to bring the Proposed Class Action, Movant intends to seek injunctive relief ordering the Debtor to correct its alleged ERISA violations, as well as money damages from the VEBA trust for deprived medical benefits resulting from such violations. For the reasons set forth below, the Motion is denied.

**Discussion**

The automatic stay imposed by § 362 of the Bankruptcy Code is a key provision of the Code designed to permit a Chapter 11 debtor to concentrate on rehabilitating its business without interference from actions of creditors or litigation. *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 157 F.3d 169, 172 (2d Cir. 1998); *Teachers Ins. &*

2

*Annuity Ass'n. of Am. v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986); *Fid. Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 53 (2d Cir. 1976); *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990). A party seeking to lift the automatic stay to pursue litigation in another court must make a threshold showing of "cause" under § 362(d)(1) of the Bankruptcy Code. *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990); *In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).[1]

In determining whether cause exists to lift the automatic stay to allow litigation to proceed in another tribunal, courts consider a number of factors enumerated by the Second Circuit in *In re Sonnax*:

(1) whether relief would result in a partial or complete resolution of the issue;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interest of the creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether the movant's success in the other proceeding would result in a judicial lien avoidance action by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of harms.

*In re Sonnax*, 907 F.2d at 1286. "Not all of these factors will be relevant in every case," *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999), and a court need not

---

[1] As discussed below, an alternative ground for lifting the stay, that the debtor has no equity in the property at issue and the property is not needed for an effective reorganization, is not relevant here. 11 U.S.C. § 362(d)(2).

give equal weight to each factor. *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994). As discussed below, the relevant *Sonnax* factors, interference with the Debtors' bankruptcy proceedings (factor 2) and the impact of the stay and the balance of the harms (factor 12), weigh against lifting the automatic stay to allow the Proposed Class Action to go forward.

This Court has recognized on numerous occasions that the Debtors in these Chapter 11 cases currently face a number of critical, time-sensitive issues that require the full attention of management as well as the breathing spell from pre-petition litigation that is afforded by the automatic stay. These include the resolution of vital labor issues and negotiation with creditor constituencies and other stakeholders regarding formulation of a plan of reorganization. Allowing the Proposed Class Action to go forward at this time would prompt similar motions and interfere with the Debtors' efforts to restructure their businesses and achieve a viable plan of reorganization.

The impact of the stay on the parties and a balancing of the harms clearly weigh in favor of denial of the Motion. Movant has not shown any undue prejudice by continuance of the stay with respect to the Proposed Class Action. The class action claim for monetary damages is a pre-petition claim that need not be resolved at this time, and there is no apparent need for immediate injunctive relief. Although ERISA aims to protect the welfare of employee benefit plan participants, the alleged violation of 29 U.S.C. § 1162(2)(c) does not threaten public health or safety. Movant's demand that the Debtor defend a class action seeking to modify the administration of its Plan as it relates to COBRA coverage is unwarranted at this time.

In light of the above, Movant has not demonstrated cause under § 362(d)(1) to lift the automatic stay. As an alternative argument, Movant contends that the automatic stay should be lifted pursuant to § 362(d)(2), which applies to relief from "the stay of an act against property" if the debtor has no equity in such property and the property is not needed for an effective reorganization. The Proposed Class Action likely does not qualify as an act against property within the meaning of § 362(d)(2).[2] In any event, as the Debtors point out, the Proposed Class Action would also be stayed by §§ 362(a)(6) and 362(a)(3) because Movant seeks to recover against the bankruptcy estates. Under §§ 362(a)(6) and 362(a)(3), any act to "collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy case]" or "obtain possession of property of the estate" is automatically stayed.

Movant counters that any money damages awarded as a result of the Proposed Class Action would be paid from the VEBA trust assets and therefore would not affect the Debtors' estates. Movant cites to Bankruptcy Code § 541(c)(2) for the proposition that a VEBA trust is not property of the Debtors' estates, even though the trust is primarily funded by contributions from the Debtors. While this may be true, it is also clear that to the extent the assets in the VEBA trust are inadequate to cover the payment of insurance benefits due and owing under the Plan, the Debtors are responsible for replenishing such amounts under the terms of the VEBA trust. Moreover, it is not contested that Northwest Airlines Corp. would have to be named as a defendant in the

---

[2] The legislative history makes clear that § 362(d)(2) is aimed at protecting a creditor's right to foreclosure, not a creditor's right to pursue any form of litigation against the debtor in another court. See *Nantucket Investors II v. California Fed. Bank (In re Indian Palms Assocs.)*, 61 F.3d 197, 208 n.15 (3d Cir. 1995) ("section [362(d)(2)] is intended to solve the problem of real property mortgage foreclosures of property where the bankruptcy petition is filed on the eve of foreclosure") (quoting 124 Cong. Rec. H11047, H11092-93; 124 Cong. Rec. S17403, S17409).

5

class action and that it would be responsible for defending against the claim relating to its own alleged malfeasance.

If Movant sought merely to correct an error made in her account, the claim might arguably affect only the VEBA trust. Because Movant seeks to bring a class action against one of the Debtors, with the potential of a sizable recovery, it seems clear that the action is really against the Debtors and that they will inevitably have to provide additional funding to the trust from estate assets to pay an award and/or cover the payment of insurance benefits. This is thus one of these rare cases where there is such an identity of interests between a debtor and a third party that the stay unquestionably applies. *Cf. Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287-88 (2d Cir. 2003).

## Conclusion

For the reasons set forth above, the Motion is denied. IT IS SO ORDERED.

Dated: New York, New York
     August 28, 2006

                                            */s/ Allan L. Gropper*
                                          UNITED STATES BANKRUPTCY JUDGE