UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------X
                                                :
In re:                                          :    Chapter 11
                                                :
NORTHWEST AIRLINES CORPORATION, et al.,         :    Case No. 05-17930 (ALG)
                                                :
                                                :    (Jointly Administered)
                          Debtors.              :
-----------------------------------------------X

**AGREED ORDER RESOLVING CERTAIN OBJECTIONS
TO (A) CONFIRMATION OF DEBTORS' FIRST AMENDED
JOINT AND CONSOLIDATED PLAN OF REORGANIZATION
AND (B) MOTION FOR AN ORDER ESTABLISHING
A DISTRIBUTION RESERVE AMOUNT**

BNY Capital Resources Corporation, BNY ITC Leasing Corporation, The Northwestern Mutual Life Insurance Company, NCC Key Company, NCC Solar Company, BATCL-1987-III, Inc., BATCL-1991-II[1] having filed objections to the confirmation of the Debtors' First Amended Joint and Consolidated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan");[2] and BNY, NML, Verizon and the Debtors having resolved BNY's, NML's and Verizon's objections to (a) confirmation of the Plan and (b) the Debtors' motion for an order establishing the amount of the Distribution Reserve to be established under the Plan, on the terms contained in this Order; and no other or further notice need be provided; and the Court having jurisdiction in accordance with 28 U.S.C. §§ 157 and 1334; and after due deliberation and good and sufficient cause appearing therefor; it is hereby

ORDERED that, notwithstanding anything to the contrary in the Plan or in the Order confirming the Plan:

---

[1] BNY Capital Resources Corporation and BNY ITC Leasing Corporation shall be referred to as "BNY," The Northwestern Mutual Life Insurance Company shall be referred to as "NML," and NCC Key Company, NCC Solar Company, BATCL-1987-III, Inc., and BATCL-1991-II shall be referred to as "Verizon."

1. A "sub reserve" (the "BNY SubReserve") within the general Distribution Reserve under the Plan shall be established and funded as it relates to claim numbers 9373 and 9794 based on (a) $87.5 million in the aggregate with respect to such claims against Northwest Airlines, Inc. and (b) $82.5 million in the aggregate with respect to such claims against Northwest Airlines Corp. with respect to guarantees (which are claim numbers 9791 and 9792);

2. A "sub reserve" (the "NML SubReserve") within the general Distribution Reserve under the Plan shall be established and funded as it relates to claim number 7489 based on (a) $40 million in the aggregate with respect to such claim against Northwest Airlines, Inc. and (b) $40 million in the aggregate with respect to such claim against Northwest Airlines Corp. with respect to a guarantee (which is claim number 7488);

3. A "sub reserve" (the "Verizon SubReserve", and together with the BNY SubReserve and the NML SubReserve, the "SubReserves") within the general Distribution Reserve under the Plan shall be established and funded as it relates to claim numbers 10728, 10729, 10742, 10743, 10740 and 10741 based on (a) $200 million in the aggregate with respect to such claims against Northwest Airlines, Inc. and (b) $200 million in the aggregate with respect to such claims against Northwest Airlines Corp. with respect to guarantees (which are claim numbers 10726, 10725, 10730, 10731, 10732, and 10733);

4. The BNY SubReserve shall be used solely to make distributions to BNY on account of the allowed amount, if any, of its proofs of claim and shall not be used to make distributions to any other creditors pending the entry of a final order with respect to the allowance of BNY's proofs of claim. In the event BNY's claims are finally allowed and it has received the same *pro rata* distribution (including all catch-up distributions) as other creditors with allowed claims on the Effective Date have received to that point, then the remainder, if any, of the BNY SubReserve shall be released in the general Distribution Reserve;

5. The NML SubReserve shall be used solely to make distributions to NML on account of the allowed amount, if any, of its proofs of claim and shall not be used to make distributions to any other creditors pending the entry of a final order with respect to the allowance of NML's proofs of claim. In the event NML's claims are finally allowed and it has received the same *pro rata* distribution (including all catch-up distributions) as other creditors with allowed claims on the Effective Date have received to that point, then the remainder, if any, of the NML SubReserve shall be released in the general Distribution Reserve;

6. The Verizon SubReserve shall be used solely to make distributions to Verizon on account of the allowed amount, if any, of its proofs of claim and shall not be used to make distributions to any other creditors pending the entry of a final order with respect to the allowance of Verizon's proofs of claim. In the event Verizon's claims are finally allowed and it has received the same *pro rata* distribution (including all catch-up distributions) as other creditors with allowed claims on the Effective Date have received to that point, then the remainder, if any, of the Verizon SubReserve shall be released in the general Distribution Reserve;

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Proposed Plan.

7. The SubReserves shall not serve as the only source for distributions to BNY, NML and Verizon and shall not constitute a cap or a maximum limitation on their claims. Notwithstanding the creation of the SubReserves, BNY, NML and Verizon shall be entitled to receive *pro rata* distributions from the general Distribution Reserve to which they would be entitled under the Plan, if any, (a) once the respective SubReserves are released as set forth above and/or (b) in the event that their respective claims are allowed in amounts greater than the above amounts used to fund the respective SubReserves;

8. Without prejudice to the Debtors' and the Reorganized Debtors rights' with respect to other parties, (a) BNY's, NML's and Verizon's claims shall be resolved by agreement of the respective parties or by further order of the Court in connection with claims objections(s) filed by the Debtors or the Reorganized Debtors and (b) neither the Debtors, their estates, the Reorganized Debtors, nor any party acting on their behalf will seek to estimate BNY's, NML's or Verizon's claims under Section 502(c) or otherwise for any purpose, including without limitation for purposes of allowance or altering or establishing either the SubReserves or the Distribution Reserve;

9. The deadline for filing objections to claims contained in Section 7.1 of the Plan may not be extended with respect to BNY's, NML's and Verizon's claims identified in this Agreed Order. The Debtors and the Reorganized Debtors shall schedule a status conference consistent with the Court's calendar in July 2007 with respect to the matters concerning the Owner Participants' claims; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: New York, New York
       May 22, 2007

                                        */s/ Allan L. Gropper*
                                        United States Bankruptcy Judge