**UNITED STATES BANKRUPTCY COURT**  **NOT FOR PUBLICATION**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
In re:
                                                         Chapter 11

NORTHWEST AIRLINES CORPORATION, *et al.*,

                                                         Case No. 05-17930 (ALG)
                       Reorganized Debtors.

---------------------------------------------------------------------x

### MEMORANDUM AND ORDER

On July 6, 2007, the above-captioned reorganized debtors (collectively, the "Debtors") brought a motion to disallow and expunge claim numbers 10531, 10532 and 10533 (together, the "Claims"), filed by Patricia Owolabi (the "Claimant").[1] The Debtors assert that the Claims must be disallowed because they: (i) are barred by *res judicata* or are time-barred under the applicable statute of limitation; or (ii) are duplicative of a claim filed by the International Association of Machinists and Aerospace Workers, AFL-CIO (the "IAM").

The facts relating to the Claims are not disputed. Claimant is a former employee of Northwest Airlines, Inc. ("Northwest"). Her last day in the office was July 9, 1997, after which she took a medical leave of absence until she was administratively terminated by Northwest on October 13, 1999. On April 22, 2002, Claimant brought an action against Northwest (the "2002 Action") in the United States District Court for the

---

[1] Claim number 10531 was filed in the amount of $450,000, with the basis for the claim identified as "vacation, wages, grievance pay, etc.;" claim number 10532 was filed in the amount of $750,000, with the basis for the claim identified as "motion to reopen lawsuit 1:04-CV-831-CAM;" and claim number 10533 was filed in the amount of $342,000 with the basis for the claim identified as "medical." As support for claim numbers 10531 and 10532, Claimant attached copies of the IAM Series C Judgment and her Motion to Reopen (as described below). As support for claim number 10533, Claimant attached these documents, in addition to a medical report, dated January 15, 2000.

Northern District of Georgia (the "District Court").[2]  Northwest filed a motion for summary judgment on all claims, and on September 26, 2003, the District Court issued an order granting summary judgment on the Federal Claims and dismissed the State Law Claims without prejudice.

On January 5, 2004, Claimant and Marcia Atkins, another former employee of Northwest,[3] brought a civil action (the "State Action") as plaintiffs against Northwest in the State Court in Fulton County, Georgia (the "State Court").  With respect to Claimant, the State Action asserted identical Federal and State Law Claims as those brought in the dismissed 2002 Action.  On March 25, 2004, the State Action was removed to the District Court (the "2004 Action").  Northwest again sought summary judgment, on the basis that the Federal Claims were barred by *res judicata* and the State Law Claims were barred by the applicable statute of limitations.  Plaintiffs filed a motion to voluntarily dismiss their Title VII and 1981 Claims and to remand the State Law Claims to the State Court, but failed to respond to the summary judgment motion.  The Magistrate Judge issued a report recommending that the Title VII and 1981 Claims be dismissed with prejudice and that the motion to remand the State Law Claims be denied.[4]  The District Court subsequently entered an order dismissing the Title VII and 1981 Claims with prejudice.  The order did not expressly dismiss the ERISA or State Law

---

[2] The 2002 Action charged Northwest with racial discrimination, creating a hostile environment at work, racial harassment and retaliation on the part of Northwest in violation of Title VII of the Civil Rights Act of 1964 (the "Title VII Claim") and 42 U.S.C. §1981 (the "1981 Claim") and with violation of the Employee Retirement Income Security Act of 1974 (the "ERISA Claim" and together with the Title VII Claim and the 1981 Claim, the "Federal Claims").  Additionally, Claimant alleged causes of action for negligent retention and supervision and intentional infliction of emotional distress under Georgia State law (together, the "State Law Claims").

[3] Ms. Atkins is not involved in the matter before the Court, and this decision does not impact any claims she may have against the Debtors.

[4] Additionally, the Magistrate's Report provided the plaintiffs with an additional 20 days to respond to the summary judgment motion; no response was received.

2

Claims, but the 2004 Action was terminated and closed in December 2004. On September 14, 2005, Northwest filed its Chapter 11 petition. On July 28, 2006, Claimant and Ms. Atkins filed a motion with the District Court seeking to reopen the 2004 Action (the "Motion to Reopen").[5] The Motion to Reopen was denied by the District Court on August 23, 2006.

(i) The Claims Barred by *Res Judicata* or Time Bar

In both her written response and at a telephonic hearing held on August 15, 2007, Claimant agreed that the Federal Claims had been finally dismissed by the Federal Court and are no longer extant. (Hr'g Tr. 19: 16-17, Aug. 15, 2007). Therefore, the portion of the Claims relating to the Federal Claims is disallowed. As to the State Law Claims, although Claimant contends that the State Law Claims survive, there is no dispute that these are claims for negligent retention and supervision and intentional infliction of emotional distress. It is asserted by the Debtors, and has not been denied by Claimant, that her last day in the workplace was July 9, 1997, and that she was administratively terminated on October 13, 1999. Actions for negligent retention and supervision and for intentional infliction of emotional distress are both governed by § 9-3-33 of the Official Code of Georgia Annotated ("OCGA"), which provides, in part, that "actions for injuries to the person shall be brought within two years after the right of action accrues . . . ."[6] As the latest point any claim could have accrued on behalf of Claimant was October 13, 1999, the date of her termination, and as this date was long after the time Claimant first

---

[5] The Debtors' position is that the Motion to Reopen was filed in violation of the automatic stay.

[6] As to negligent retention and supervision, *see Williams v. Lear Operations Corp.*, 73 F. Supp. 2d 1377, 1380 (N.D. Ga. 1999), citing *Alpharetta First United Methodist Church v. Stewart*, 221 Ga. App. 748, 751, 472 S.E.2d 532 (1996); *Staffing Resources, Inc. v. Nash*, 218 Ga. App. 525, 527, 462 S.E.2d 401 (1995). As to intentional infliction of emotional distress, *see M.H.D. v. Westminster Schools*, 172 F.3d 797, 803 (11th Cir. 1999), citing *Alpharetta First United Methodist Church*, 221 Ga. App. at 751.

3

complained of physical injury, and as an action against Northwest was not commenced by her until April 22, 2002, the portion of the Claims relating to the State Law Claims is barred by the applicable two-year statute of limitations.

In her response to the Debtors' objection, Claimant alleges that the State cause of action did not accrue until after April 24, 2000, and that the two-year statute of limitation does not bar the litigation. (Response, p. 3.) However, Claimant offers no reason why her claims against Northwest did not accrue until April 24, 2000. In her response, Claimant also contends that her "state law claim of breach of contract is not barred by the six-year statute of limitation applicable to claims for breach of contract." (Response, p. 3.) However, Claimant did not assert a claim for breach of contract in the State Action, and, as noted above, the State Law Claims she has asserted are governed by a two-year statute of limitations. Nor do her proofs of claim identify or provide any basis for a contract claim other than one relating to the claim also filed by the IAM, discussed below.[7]

In her response to the Debtors' objection, Claimant also contends that the District Court order left the State Law Claims unresolved and that the State Action remains open. However, the State Action was removed to the District Court, and the 2004 Action was ultimately closed without a remand. Nor does a cause of action survive under the Georgia savings statute, OCGA § 9-2-61(a), which provides, in part

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as

---

[7] Her proofs of claim refer to vacation, wages, grievance pay, etc. and medical but contain nothing specific to provide any support. Nor does she assert she had a contract of employment.

4

> required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

While Claimant brought the State Action within six months of the dismissal of the 2002 Action, OCGA § 9-2-61(a) is inapplicable because, as stated above, the State Law Claims were already barred by the Georgia statute when the 2002 Action was filed.

(ii) The IAM Claims

Claimant, as a former Work Control Clerk for Northwest, was one of hundreds of present or former employees who were prospective beneficiaries of a judgment based on the so-called "Series C Stock" entered against one of the Debtors prepetition. Many employees filed individual proofs of claim based on this judgment, as did Claimant's union, the IAM. The individual claims of the relevant employees were merged into the IAM claim, by order dated May 16, 2007, and the IAM was authorized to administer the distribution of proceeds to its present and former members. Claimant's Claims based on the Series C Judgment are thus duplicative of proof of claim number 8964, filed by the IAM, and she was advised at the hearing to call the contact information line set up by the Debtors with respect to reimbursement by the IAM on account of those portions of her Claims that relate to the Series C Stock. Accordingly, Claimant's rights with respect to the Series C Stock will be satisfied out of the IAM Distribution, and any additional claim is duplicative and disallowed.

As discussed above, Claimant argued in her written response to the Debtors' objection that her "claim for breach of contract is not merged with the IAM Claims" (Response, p. 3), but her proofs of claim do not identify any breach of contract and

5

merely attach a copy of the IAM Series C Judgment as supporting documentation for such a claim.

In conclusion, the Debtors' motion is granted and the Claims are disallowed and expunged.

**IT IS SO ORDERED**.

Dated: New York, New York
September 12, 2007

*/s/ Allan L. Gropper*_____
UNITED STATES BANKRUPTCY JUDGE