**UNITED STATES BANKRUPTCY COURT**      **NOT FOR PUBLICATION**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re:

    Chapter 11

NORTHWEST AIRLINES CORPORATION, *et al.*,

    Case No. 05-17930 (ALG)

              Reorganized Debtors.

------------------------------------------------------------------x

## MEMORANDUM AND ORDER

    The above-captioned reorganized debtors (collectively, the "Debtors") have objected to claim 9716 (the "Claim"), filed by Marcia L. Atkins (the "Claimant").[1] The Debtors assert that the Claim should be disallowed because it is barred by *res judicata* or is time-barred under the applicable statute of limitations. For the reasons set forth below, the objection is granted and the Claim is disallowed.

    The facts relating to the Claims are not disputed. Claimant is a former employee of Northwest Airlines, Inc. ("Northwest").[2] On April 22, 2002, Claimant brought an action against Northwest (the "2002 Action") in the United States District Court for the Northern District of Georgia (the "District Court"), captioned <u>Marcia L. Atkins v. Northwest Airlines, Inc.</u>, Case No. 02-cv-01067 (TWT).[3] Northwest filed a motion for summary judgment on all claims. On July 3, 2003, a Final Report and Recommendation

---

[1] The Claim was filed in the amount of $450,000. The basis for the Claim is listed as "Civil Action No: 1:04-cv-0831-CAM", as well as "wages, salaries, and compensation" for services performed from "9-97 to Present." The date the debt was incurred is stated to be "9-97".

[2] The record does not show the last day of Claimant's employment with the Debtors.

[3] The 2002 Action charged Northwest with racial discrimination, creating a hostile environment at work, racial harassment and retaliation on the part of Northwest in violation of Title VII of the Civil Rights Act of 1964 (the "Title VII Claim") and 42 U.S.C. §1981 (the "1981 Claim") and with violation of the Employee Retirement Income Security Act of 1974 (the "ERISA Claim" and together with the Title VII Claim and the 1981 Claim, the "Federal Claims"). Additionally, Claimant alleged causes of action for negligent retention and supervision and intentional infliction of emotional distress under Georgia State law (together, the "State law claims").

of the United States Magistrate Judge was issued, recommending that summary judgment be granted on all Federal Claims and that Claimant's State law claims be dismissed without prejudice. On September 26, 2003, the District Court issued an order adopting the Final Report, dismissing the Federal Claims and dismissing the State law claims without prejudice.[4]

On January 5, 2004, Claimant and Patricia Owolabi, another former employee of Northwest,[5] jointly filed a civil action (the "State Action") as plaintiffs against Northwest in the State Court in Fulton County, Georgia (the "State Court"). With respect to Claimant, the State Action asserted identical Federal and State law claims as those brought in the dismissed 2002 Action. On March 25, 2004, the State Action was removed to the District Court (the "2004 Action"). Northwest again sought summary judgment, on the basis that the Federal Claims were barred by *res judicata* and the State law claims were barred by the applicable statute of limitations or, in the alternative, that the State law claims failed to state a claim upon which relief could be granted. Claimant filed a motion to amend the complaint or, alternatively, to voluntarily dismiss the Federal Title VII and § 1981 claims and to remand the State law claims to the State Court; however, she failed to respond to Northwest's summary judgment motion. On October 28, 2004, a further Report and Recommendation of United States Magistrate Judge was issued, recommending that the Title VII and § 1981 claims be dismissed with prejudice and that the motion to remand the State law claims be denied. The Report and

---

[4] The Final Report and Recommendation of United States Magistrate Judge, upon which the order of the District Court was based, does not address the ERISA claim, but Northwest asserts it was abandoned by Claimant on the record. In any case, the Final Report specifically recommends that Northwest's motion for summary judgment "be granted as to all federal claims advanced by Plaintiff." (Final Report, p. 62.) This is presumed to include the ERISA claim.

[5] The claims of Ms. Owolabi were previously adjudicated by the Court. *See* Memorandum and Order, dated September 12, 2007.

2

Recommendation recommended that remand of the State claims be denied because the District Court had diversity jurisdiction over such claims and because the Federal ERISA claim remained pending in the case. (Report at p. 4.) Additionally, the Magistrate's Report provided the plaintiffs with an additional 20 days to respond to Northwest's summary judgment motion; no response was received.

The District Court subsequently entered an order, dated December 8, 2004, granting the motion to dismiss and specifying that the Title VII and § 1981 claims were dismissed with prejudice. The order also denied the motion to remand.

On September 14, 2005, Northwest filed its Chapter 11 petition. On July 28, 2006, Claimant and Ms. Owolabi filed a motion with the District Court seeking to reopen the 2004 Action (the "Motion to Reopen"). The Motion to Reopen was denied by the District Court on August 22, 2006.

<u>The Claims Are Barred by *Res Judicata* or Time Barred</u>

In her written response to Northwest's Claim Objection, Claimant agreed that the Federal Claims in her lawsuit were dismissed by the Federal Court in 2004. Therefore, the portion of the Claims relating to the Federal Claims is disallowed.

Nevertheless, in her response to the Debtors' objection, Claimant contends that the District Court order left the State law claims unresolved and that the State Action remains open. Claimant also asserted at a hearing held on April 2, 2008, which Claimant attended by telephone, that the claim in the State court in Fulton County, Georgia is still open. There is no question on the written record, however, that the 2004 State Action was removed to the Federal District Court, and that it was dismissed without a remand.

3

The Federal District Court also subsequently denied Claimant's Motion to Reopen the removed case.

The question is thus whether she has a State law claim which could have been asserted on a timely basis on the date Northwest filed its bankruptcy case, September 14, 2005. The automatic stay went into effect on that date and barred her from filing an action.

Claimant's claims are for negligent retention and supervision and intentional infliction of emotional distress. Actions for negligent retention and supervision and for intentional infliction of emotional distress are governed by § 9-3-33 of the Official Code of Georgia Annotated ("OCGA"), which provides, in relevant part, that "actions for injuries to the person shall be brought within two years after the right of action accrues . . . ."[6] The statute of limitations on the State law claims thus expired at the latest on April 22, 2004. That is two years after the State law claims were asserted by Claimant for the first time in her first lawsuit.

On April 22, 2004, the 2004 Action was pending in Federal Court and, assuming it was timely filed, preserved Claimant's State law claims. However, the 2004 Action was dismissed on December 8, 2004, over two years after the claims were asserted.

Georgia also has a savings statute, OCGA § 9-2-61(a), which provides, in part

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later,

---

[6] As to negligent retention and supervision, *see Williams v. Lear Operations Corp.*, 73 F. Supp. 2d 1377, 1380 (N.D. Ga. 1999), citing *Alpharetta First United Methodist Church v. Stewart*, 221 Ga. App. 748, 751, 472 S.E.2d 532 (1996); *Staffing Resources, Inc. v. Nash*, 218 Ga. App. 525, 527, 462 S.E.2d 401 (1995). As to intentional infliction of emotional distress, *see M.H.D. v. Westminster Schools*, 172 F.3d 797, 803 (11th Cir. 1999), citing *Alpharetta First United Methodist Church*, 221 Ga. App. at 751.

4

> subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

The Georgia state courts have held that OCGA § 9-2-61 applies to both voluntary and involuntary dismissals, where the merits are not adjudicated. *See Swartzel v. Garner*, 193 Ga. App. 267, 268 (Ga. Ct. App. 1989). The Georgia savings statute thus gave Claimant at most six months from dismissal to recommence an action based on her State law claims. That period expired in June 2005, prior to the Debtor's petition under Chapter 11. Her tort claims are therefore time-barred.

Claimant also argues in her written response to the Debtors' objection that she has State law breach of contract claims, and that they are not barred as they have a six-year statute of limitations under Georgia law. Her proof of claim does not identify any breach of contract claim.[7] She asserts in her response, nevertheless, that her "claim for breach of contract is not merged with the IAM Claims" (Response, p. 2), and it appears that her claim, if any, relates to the IAM Series C Judgment. Hundreds of present or former employees were prospective beneficiaries of a judgment based on the so-called "Series C Stock" issued by the Debtors prepetition. Many employees filed individual proofs of claim based on this judgment, as did the IAM, their union.

The individual claims of the employees, however, were merged into the IAM claim, by order dated May 16, 2007, and the IAM was authorized to administer the distribution of proceeds to its present and former members. If Claimant has any rights

---

[7] Claimant's proof of claim refers to wages, salaries, and compensation, but contains nothing specific to provide any support. Nor does she assert she had a contract of employment. As support for her proof of claim, Claimant attaches only (i) the first page of the Debtor's response to Claimant's motion to remand, and (ii) the one-page Motion to Reopen.

5

relating to the Series C Judgment, her rights are preserved, but only through the IAM claim; by virtue of the merger, no creditor has an independent claim under that judgment.

To the extent Claimant may be entitled to a distribution of the Series C Stock, she is advised to call the contact information line set up by the Debtors with respect to reimbursement by the IAM on account of those portions of claims that relate to the Series C Stock. Any rights that Claimant may have with respect to the Series C Stock will be satisfied out of the IAM Distribution, and any additional claim would be duplicative.

In conclusion, the Debtors' motion is granted and the Claim is disallowed and expunged.

**IT IS SO ORDERED**.

Dated:  New York, New York
          May 28, 2008

                                         */s/ Allan L. Gropper*
                                         UNITED STATES BANKRUPTCY JUDGE