UNITED STATES BANKRUPTCY COURT    NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:

    Chapter 11

NORTHWEST AIRLINES CORPORATION, *et al.*,

    Case No. 05-17930 (ALG)

                Reorganized Debtors.

------------------------------------------------------------------------x

## MEMORANDUM OF DECISION

A P P E A R A N C E S:

CADWALADER, WICKERSHAM & TAFT, LLP
Counsel for the Reorganized Debtors
  By:  Bruce R. Zirinsky, Esq.
        Gregory M. Petrick, Esq.
        Nathan A. Haynes, Esq.
        David Leamon, Esq.
One World Financial Center
New York, New York 10281

Law Firm of Stephen L. Smith, PLLC
Counsel for Charles Dean
  By:  Stephen L. Smith, Esq.
700 Lumber Exchange Building
10 South Fifth Street
Minneapolis, Minnesota 55402

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

      Before the Court is the objection by the reorganized debtors (collectively, the

"Debtors") to claim 8769 (the "Claim"), filed by Charles Dean (the "Claimant"). The

Debtors assert that the Claim should be disallowed and expunged in its entirety because it

is barred by a Confidential Settlement Agreement and General Release, dated December

05-17930-alg    Doc 8267    Filed 05/29/08    Entered 05/29/08 14:21:52    Main Document
                                        Pg 2 of 6

6, 2006 (the "Release"), allegedly executed by the Claimant. Claimant has denied executing the Release.

Background

Claimant is a former employee of Northwest Airlines, Inc., one of the Debtors ("Northwest"). On April 1, 2005, Claimant filed a complaint (the "Complaint") against Northwest in the United States District Court for the District of Minnesota (the "District Court") asserting claims for race discrimination and wrongful termination in violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*) and the Minnesota Human Rights Act (Minn. Stat. Ch. 363). His lawyer in that case was Stephen L. Smith, PLLC, his present counsel. On June 27, 2006, the Complaint was put on hold by the District Court as having been stayed by the Debtors' chapter 11 cases.[1]

Earlier, on or about July 8, 2005, about three months after filing the District Court complaint, Claimant allegedly suffered an injury in the course of his employment, and he filed a claim under the Minnesota Workers' Compensation statute. His lawyer in that matter was Dean Margolis. The Debtors offered to settle and in December 2006 gave Margolis (according to Margolis' testimony) two documents. One was a comprehensive settlement of the workers' compensation claim in a form that appears to be standard in such cases in Minnesota (the "Workers' Comp. Release").[2] The second was a general

---

[1] "Administrative Termination" of the Complaint was "without prejudice to the right of any party to move to reopen the proceedings for good cause shown, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation." District Court Order, dated June 27, 2006.
[2] The Debtors were authorized to settle and pay workers' compensation claims in the ordinary course of business free of the strictures of the Bankruptcy Code.

2

release of all claims by the Claimant against the Debtors (the "General Release"). Smith was apparently not involved in the settlement.

On August 14, 2006, Claimant, through Smith, filed a timely proof of claim against the Debtors in the amount of $100,000, asserting claims for "civil rights/discrimination litigation" and attaching a copy of the Complaint. Debtors objected to the claim, asserting that the claim had been released. Claimant thereupon responded by asserting that the Workers' Comp. Release did not cover his civil rights claims and by denying that he had signed any other releases. On September 25, 2007, a hearing was held on the Debtors' Objection, during which the Court found that the Workers' Comp. Release, which Claimant admitted signing, covered Claimant's workers' compensation-related claims, but did not necessarily release Claimant's employment discrimination claims against Northwest. The Court reserved judgment as to the effect of the General Release, in light of Claimant's assertion that he had not signed it.

The parties subsequently engaged in discovery. Depositions were conducted in Minnesota of both the Claimant and his former counsel in the workers' compensation matter, Margolis. During his deposition, Margolis stated unequivocally that he had witnessed Claimant signing the Release and that he had explained its import to the Claimant. (Margolis Dep. 15: 9-11; 18: 23-25, Nov. 16, 2007.) Margolis also testified, however, that he did not even know that Claimant had a Federal civil rights lawsuit pending. The deposition testimony of Claimant (at which he was represented by his present counsel) was highly equivocal. When asked whether it was his signature on the Release, Claimant stated that it was not. When questioned further as to whether the name set forth on the signature line was his handwriting and if he had written his name on that

3

page, his answer changed. After stating that it was not his writing because he had never signed in front of a notary public, Claimant stated that he did not think it was his handwriting, then admitted that it looked like his handwriting even if it was not his signature. (Dean Dep. 51: 19 – 53: 14.) Claimant did not expressly deny that he had printed his name on the signature line.

On April 7, 2008, the Court held a further status conference on the Objection, requesting that the parties submit letter briefs setting out their positions and attach relevant sections of the record.

The Legal Issues

The question before the Court is whether Claimant's proof of claim should be expunged on the ground that he released the claim. Northwest admits that it bears the ultimate burden of proving that Claimant executed the Release, but it argues that under Minnesota law there is a presumption that a signature is valid and that Claimant's obviously equivocal testimony does not raise a sufficient issue to support a finding in his favor. Claimant's counsel, on the other hand, contends that the deposition testimony is not determinative, that questions of credibility prevail, and that Margolis' testimony should be disregarded in light of the consequences to a lawyer of a finding that the lawyer had written the client's name on a release.

The Court finds that it is not possible and would not be fair to make a final ruling on the issues on the instant record. Moreover, under the circumstances, it would be unnecessarily burdensome and prejudicial to the Claimant for a further hearing to be held before this Court in New York. Claimant would have to go to the considerable expense of traveling to New York, and neither party would be able to obtain the testimony of

4

Margolis if he were not willing to travel.  The Debtors could have avoided this entire controversy if they had informed Dean's counsel in the Federal case of the proposed settlement.  Under all of the circumstances, any further proceedings should take place in Minnesota, where the credibility of all involved can be assessed.  *See Sonnax Indus., Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus, Inc.)*, 907 F.2d 1280, 1286-87 (2d Cir. 1990).

Based on the above, the appropriate procedure is for this Court to enter an order lifting the automatic stay (or more precisely the post-confirmation injunction).  Once the Minnesota District Court action is restored to the calendar there, Northwest can raise the defense of release, and the Court in Minnesota can determine any necessary issues.  Nevertheless, it must be recognized that the foregoing procedures will put the parties and the Minnesota Court to significant time and expense.  It appears that when Northwest paid consideration to Claimant, it thought it was getting a release of both the workers' compensation claim and all other claims encompassed by the General Release.  Unless the Debtors waive the issue, if Claimant is to disavow signing the General Release and to pursue his discrimination claims, he has to rescind the entire transaction.  To rescind a transaction, a party must return, or offer to return, the consideration already received so as to put the opposite party in status quo.  *See MCC Investments v. Crystal Properties*, 415 N.W.2d 908, 911 (Minn. Ct. App. 1987).  It must accordingly be understood that as a condition to obtaining relief, Claimant should be able and willing to return all consideration received, including the settlement amount received on his workers' compensation claim.  *See Valley v. Crookston Lumber Co.*, 128 Minn. 387, 390, 151

5

N.W. 137, 138-39 (Minn. Sup. Ct. 1915).  All of his claims would be restored and the parties returned to their original positions.

Debtors' counsel should settle an order on 5 days' notice providing that any necessary further proceedings to liquidate Dean's Claim proceed in Minnesota in accordance with the foregoing decision.

Dated:  New York, New York
        May 29, 2008

                              */s/ Allan L. Gropper*
                              UNITED STATES BANKRUPTCY JUDGE