| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **SOUTHERN DISTRICT OF NEW YORK** | **NOT FOR PUBLICATION** |

-----------------------------------------------------------------------x
In re:

NORTHWEST AIRLINES CORPORATION, *et al.*,

                                      Reorganized Debtors.

-----------------------------------------------------------------------x

Chapter 11

Case No. 05-17930 (ALG)

## ORDER ON OBJECTION TO CLAIM

      The above-captioned reorganized debtors (collectively, the "Debtors") have moved to expunge claim number 12229 (the "Claim"), filed by Bradley J. Nivala ("Claimant"), a former employee of Northwest Airlines, Inc. ("Northwest"), one of the Debtors.  A hearing was held on December 15, 2008, during which the Claimant alleged that the Claim was based on an outstanding grievance and the Court gave him ten days to provide further evidence with regard to the allegedly outstanding grievance.  (See Hr'g. Tr. 13:7-10, Dec. 15, 2008.)

      The facts relating to the Claim are as follows.  By letter, dated July 31, 1997, Claimant's employment was terminated and on the next day, Claimant filed a grievance relating to the discharge, which was assigned Grievance Number 134288.  On March 24, 1999, a letter agreement (the "Letter Agreement") was entered into between Claimant and his union and Northwest, pursuant to which it was agreed that Claimant would be reinstated to payroll status, with certain back pay, and returned to active duty.  (See Exh. D to Debtors' Reply.)  This Letter Agreement was in settlement of any and all claims that Claimant had against Northwest relating to his employment up to that date.  Additionally Claimant agreed not to file any grievances, claims or lawsuits against the Company

relating to his employment up to that date and that he would withdraw Grievance 134388. (See id.)

In connection with his return to work, Claimant was required to take part in a fitness for duty examination, but while Claimant reported for the examination, he apparently refused to complete the examination or sign a release. As a result, Northwest placed Claimant off-payroll on April 1, 1999. On April 7, 1999, Claimant filed a grievance relating to his off-payroll status, which was assigned Grievance Number 1213. Claimant subsequently underwent a fitness for duty examination in which he was found unfit for duty. As a result, Claimant was placed on medical leave of absence, which under the collective bargaining agreement was not to exceed two years. Northwest subsequently sent a letter, dated June 1, 1999, to Larry Loftus of the IAM stating that Northwest would pay the Claimant "8 hours straight time, administrative leave, for all workdays from March 25, 1999 through April 1, 1999. Effective April 2, 1999, the grievant will be taken off payroll." This letter further stated that "[t]he above agreement represents a full and final settlement of all issues contained in the grievance." Claimant apparently remained on medical leave for two years and then left the Debtors' employ or retired.

Claimant subsequently filed the Claim on June 5, 2006 in the amount of $380,160.00, citing as the basis of the claim services performed, as well as wages, salaries and compensation from July 31, 1997 to June 5, 2006.

As noted above, at the telephonic hearing of December 15, 2008, the Court invited Claimant to provide further information as to any outstanding grievance. In his response, Claimant references the civil suit and resulting judgment obtained by Claimant

2

against third parties that apparently relate to the circumstances of Claimant's discharge in 1997. However, these matters date back to the time of the judgment in 1997, and the Letter Agreement, dated March 24, 1999, specifically settled all claims that Claimant had against Northwest relating to his employment up to that date. As to the second grievance, Number 1213, Claimant has not disputed the letter to his union dated June 1, 1999, stating that the grievance was resolved. Nor has Claimant indicated that he was harmed or damaged by being placed on medical leave. On the contrary, in the materials that Claimant submitted subsequent to the December 15, 2008 hearing, Claimant appears to acknowledge a debt to Northwest for his benefits and pension rather than a claim against the Debtors. Based on the entire record, the Claim must be expunged.

**IT IS SO ORDERED.**

Dated:  New York, New York
         March 11, 2009

                              　/s/ Allan L. Gropper　
                              UNITED STATES BANKRUPTCY JUDGE