UNITED STATES BANKRUPTCY COURT       NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:

                                       Chapter 11

NORTHWEST AIRLINES CORPORATION, *et al.*,

                                       Case No. 05-17930 (ALG)
                Reorganized Debtors.
------------------------------------------------------------------------x

## MEMORANDUM AND ORDER DENYING MOTION TO ENLARGE TIME FOR FILING PROOF OF CLAIM

Cathy Wood ("Claimant") has moved to enlarge the time for filing an administrative expense proof of claim against the above-captioned reorganized debtors (collectively, the "Debtors"). She argues that her failure to timely file a claim was the result of excusable neglect as provided by Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). A hearing was held on January 13, 2010.

The applicable time periods are as follows. On September 14, 2005, the Debtors filed for relief under Chapter 11 of the Bankruptcy Code. On July 14, 2006, Claimant, an employee of Northwest Airlines, Inc. ("Northwest"), one of the Debtors, filed an internal complaint with Northwest's Human Resources Department, alleging that on or about July 13, 2006, she was subject to sexual harassment from another Northwest employee while performing her duties.[1] After the incident, Claimant continued in her employment with Northwest on a full-time basis until July 30, 2006, at which point she took leave for a scheduled medical procedure. The bar date to file prepetition claims against the Debtors subsequently occurred on August 16, 2006 (the "Prepetition Bar Date"). On May 18,

---

[1] On December 20, 2006, Claimant also filed charges relating to the incident with the Equal Employment Opportunity Commission ("EEOC") and subsequently filed a workers' compensation claim.

2007, the Court entered an order confirming the Debtors' First Amended Joint and

Consolidated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the

"Plan").

Under the Bankruptcy Code, in a Chapter 11 reorganization, all claims that accrue

during the case up to confirmation are discharged.  11 U.S.C. § 1141(d)(1)(A).

Reflecting this provision, pursuant to the Plan and the order of confirmation (the

"Confirmation Order"), administrative expense claims accruing during the case that were

not evidenced by a timely filed proof of claim were discharged and enjoined.  (*See* Plan

Section 11.2; Confirmation Order ¶ 30).  The Confirmation Order set July 30, 2007, as

the bar date for filing administrative expense claims against the Debtors' estates (the

"Administrative Bar Date").  The Debtors mailed Claimant notice of the Plan, including

the discharge and injunction provisions, and a separate notice of the Administrative Bar

Date.  (*See* Debtors' Exhibit A, Affidavit of Service).  Claimant does not dispute that her

claims are administrative expense claims, and she does not contend that the above-

referenced notices were not properly mailed.[2]

Claimant returned to Northwest and resumed employment from November 27,

2007, until May 1, 2009, at which time she began a leave of absence, allegedly due to her

post-traumatic stress disorder ("PTSD").  (State Court Complaint ¶ 6(ii)).  On August 14,

2009, Claimant filed an action in Hawaii State Court against Northwest based upon the

---

[2] Claimant does state, "I do not recall receiving any mail regarding making claims in the Northwest
bankruptcy case during the period where I was hardly home before the surgery [on July 31, 2006], or after
the surgery."  (Decl. of Cathy Wood ¶ 8.)  However, in a bankruptcy proceeding, proper mailing creates a
presumption of receipt.  *See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus. Mfg., Inc.)*, 62 F.3d 730,
736 (5th Cir. 1995) ("Mailing a notice by First Class U.S. Mail to the last known address of a creditor
satisfies due process, because it is 'reasonably calculated' to inform the creditor of the bar date for filing
proofs of claim."); *see also* Bankruptcy Rule 9006(e) ("[N]otice by mail is complete on mailing.").  In this
case, Claimant has failed to overcome the presumption.

alleged sexual harassment.[3]  It has been two and a half years since the Administrative Bar

Date, and Claimant is now seeking leave to file a late claim in the Debtors' cases.

## Discussion

The question is whether Claimant should be entitled to an extension of a court-

ordered deadline due to excusable neglect, as provided under Bankruptcy Rule

9006(b)(1).[4]  While the decision is ultimately an equitable one, the Supreme Court has set

forth the following factors for judicial consideration:

> the danger of prejudice to the debtor, the length of the delay and its
> potential impact on judicial proceedings, the reason for the delay,
> including whether it was within the reasonable control of the movant, and
> whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  It is

the burden of the moving party to establish the existence of excusable neglect.  *See*

*Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d

115, 121 (2d Cir. 2005).  While all the *Pioneer* factors must be considered, the Second

Circuit has endorsed a "hard line" in applying them, and has directed that the primary

focus should be on:

> the third factor: the reason for the delay, including whether it was within
> the reasonable control of the movant . . . . And we cautioned that the
> equities will rarely if ever favor a party who fails to follow the clear
> dictates of a court rule, and that where the rule is entirely clear, we
> continue to expect that a party claiming excusable neglect will, in the
> ordinary course, lose under the *Pioneer* test.

---

[3] The action was subsequently removed by the Debtors to the United States District Court for the District of
Hawaii.

[4] Bankruptcy Rule 9006(b)(1) provides, in relevant part, that:

> when an act is required or allowed to be done at or within a specified period by these
> rules or by a notice given thereunder or by order of court, the court for cause shown may
> at any time in its discretion . . . on motion made after the expiration of the specified
> period permit the act to be done where the failure to act was the result of excusable
> neglect.

*Enron,* 419 F.3d at 122-23, quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003), *cert. denied*, 540 U.S. 1105 (2004) (citations and internal quotations omitted).

Claimant provides three reasons for her two and a half year delay. First, Claimant contends that as a result of PTSD, she was in such a state of mental disarray that she was unable to file an expense claim. However, this contention and Claimant's original motion for an extension of time focused entirely on the Prepetition Bar Date. Claimant alleged that she suffered from PTSD after the July 13, 2006 incident, which prevented her from filing by the Prepetition Bar Date of August 16, 2006. Claimant subsequently amended and resubmitted her motion, changing all references from the Prepetition Bar Date to the Administrative Bar Date. Claimant, however, has made no effort to demonstrate that her mental state during the time period prior to the Administrative Bar Date was impaired. In her reply papers, Claimant states that "[t]he fact that Claimant suffers from Post-Traumatic Stress Disorder as a result of Debtor's actions isn't time sensitive . . . Post-Traumatic Stress Disorder doesn't just go away as Debtor would like the Court to believe." (Claimant's Reply p. 13). Claimant was nevertheless able to, and in fact did, pursue her non-bankruptcy legal rights on December 20, 2006, when she filed a claim with the EEOC, more than six months before the Administrative Bar Date.[5] Thus, the contention that Claimant's mental disarray was sufficient to prevent her from filing a claim is not supported on this record.[6]

---

[5] Later, from November 2007 through May 2009, Claimant returned to full-time employment with Northwest.

[6] During the hearing, both parties were given the opportunity for an evidentiary hearing to support their case; both parties declined.

4

Second, Claimant contends she relied on the (mistaken) advice of her attorney that she did not need to file a claim because it was a civil rights case.  However, Claimant voluntarily selected an attorney to represent her and "must be held accountable for the acts and omissions of [her] attorney…." *Pioneer*, 507 U.S. at 396-97.[7]  While *Pioneer* ultimately held that the actions of the attorney in that case constituted excusable neglect, the Court made clear that this was due to the "'dramatic ambiguity' in the notification" of the bar date and "the unusual form of notice employed." *Id.* at 398-99.  No ambiguity is claimed as to the notice at issue herein.

Third, Claimant asserts that her union never informed her that she needed to file a claim.  In the present case, Claimant's union did not bring this claim on her behalf or play a role in its litigation.  Nor does Claimant show that her union had any legal obligation to inform Claimant or her lawyer as to her obligations.

After examining all of the reasons offered by Claimant for her delay, the Court finds that the reasons proffered for delay weigh strongly in favor of denying the Motion.

As to the other *Pioneer* factors, there is no bright line rule to determine at which point the lateness of a claim is considered "substantial."  Rather, the length of the delay "must be considered in the context of the proceeding as a whole." *Enron*, 419 F.3d at 128.  Bar date orders serve an "essential function" in bankruptcy proceedings by providing finality to the Debtors and their creditors in structuring and making distributions under a confirmed plan of reorganization. *Id.* at 127.

---

[7] "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Pioneer*, 507 U.S. at 397, *quoting Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962).

Here, Claimant moved for an extension of time over two years after the

Administrative Bar Date.  At present only five administrative claims remain unresolved

or unpaid, four of which have been resolved in principle.  The Debtors' plan was

confirmed almost three years ago, and the administration of their cases is nearing

completion.  In this context, the length of the delay is extensive, and increases the

prejudice on the Debtors from a late filing.

While any award based on the claim would be small when compared to the

overall Plan distribution, potential prejudice is more complicated than "a simple dollar-

for-dollar depletion of assets otherwise available for timely filed claims."  *Enron*, 419

F.3d at 130, *quoting In re R.H. Macy & Co., Inc.*, 166 B.R. 799, 802 (S.D.N.Y.1994).

The argument that a claim is *de minimis* when viewed in the context of an entire case was

rejected in the *Enron* case, where the Court found the "contention unpersuasive because it

ignores the arduous process of valuing assets, validating claims, and negotiating a

compromise among a host of creditors."  *Enron*, 419 F.3d at 129; *see also Fla. Dep't of*

*Ins. v. Drexel Burnham Lambert Group, Inc., (In re Drexel Burnham Lambert Group,*

*Inc.)*, 148 B.R. 1002, 1007-08 (S.D.N.Y. 1993).  In sum, although there is no contention

or finding that Claimant has not acted in good faith, the *Pioneer* factors weigh strongly in

favor of the Debtors.

Finally, at oral argument, Claimant's counsel contended that her complaint with

the EEOC provided the Debtors with adequate notice of the existence of a claim and was

in effect what is sometimes called an "informal" proof of claim.  The courts, however,

have generally held that a document purporting to evidence an informal proof of claim:

> must have (1) been timely filed with the bankruptcy court and have
> become part of the judicial record, (2) state the existence and nature of the

debt, (3) state the amount of the claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the debt.

*In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007).  While

Claimant may have filed a complaint elsewhere, there is no contention that Claimant

made any filing in these Chapter 11 proceedings prior to her Motion.

### Conclusion

As the reasons for Claimant's delay do not constitute "excusable neglect,"

Claimant's motion to enlarge time is denied.

**IT IS SO ORDERED.**

Dated:  New York, New York
        February 9, 2010


        */s/ Allan L. Gropper*
        UNITED STATES BANKRUPTCY JUDGE